People of the State of Illinois ex rel. Oscar Nelson, Complainant, v. Chicago Bank of Commerce, Defendant.

Herman S. Strauss, First National Bank and Trust Company of Minneapolis and J. E. Lehman, Appellees, v. Charles Albers, Appellant.

Gen. No. 39,715.

498

Opinion filed March 16, 1938. Rehearing opinion filed June 29, 1938. Rehearing denied September 23, 1938.

SCHUYLER & HENNESSY, of Chicago, for appellant; JACK S. MORRIS and C. ERNEST HEATON, both of Chicago, of counsel.

LOUIS H. SILVER and MAURICE L. DAVIS, both of Chicago, for appellees.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

A decree was entered on May 10, 1937, in the circuit court, after sustaining exceptions to a report by the master. The decree found in favor of Herman S. Strauss, intervening petitioner, in the sum of $107,900.90, collected by the Chicago Bank of Commerce as successor to Straus Brothers Investment Company; that said claim is entitled to the benefits

of the Trust Companies Act and the securities deposited. The claim of said Herman S. Strauss was made payable proratably together with all other creditors of like class and nature out of the securities deposited by said bank with the auditor of public accounts. The respondent Charles H. Albers, the receiver of the Chicago Bank of Commerce, brings this appeal.

The pleadings are the intervening petition of Herman S. Strauss, First National Bank and Trust Company of Minneapolis and J. E. Lehman, as trustees under 41 trust deeds listed in schedule "A" thereto attached, amendment thereto, supplemental petition of Herman S. Strauss, individually, successor to said bank as successor to Straus Brothers Investment Company, as depositary, paying agent, registrar and withholding agent under said trust deeds and the answers thereto of the receiver and of Edward J. Barrett, auditor of public accounts of the State of Illinois.

The issue raised by said pleadings is whether the claim of Herman S. Strauss, as aforesaid, for $107,900.90, collected by said bank as successor to Straus Brothers Investment Company is entitled to the benefits of the Trust Companies Act and the securities deposited by said bank thereunder.

The said decree allowed Herman S. Strauss, as aforesaid, $107,900.90, as a claim against the Chicago Bank of Commerce in the capacity of such bank as a trust company qualified under the Trust Companies Act.

The theory of the intervening petitioners, as shown by their pleadings, is that they, as trustees in the trust deeds listed in schedule "A," appointed Chicago Bank of Commerce to succeed Straus Brothers Investment Company as the "depositary, paying agent, registrar and withholding agent" theretofore designated in said trust deeds; that as such trustees, they di-

rected the mortgagors who executed said trust deeds, to make any and all payments for and on account of the principal of or interest on any of the bonds or coupons secured by said trust deeds, as well as income tax payments, to said bank as so appointed to be placed by said bank, as they contend, in segregated and separately identified trust accounts and disbursed by the trust department of the bank to the bond or coupon holders upon presentation for payment; that therefore the aggregate sum of $107,900.90, so on deposit at the time of the receivership on June 28, 1932, is a trust fund within the meaning of the Trust Companies Act; that the supplemental intervening petitioner, Herman S. Strauss, individually, who was appointed by said trustees the successor to said bank as "depositary, paying agent, registrar and withholding agent" should be held to be a creditor of said bank in the capacity of a trust company entitled to a first and prior lien to said amount of $107,900.90 against securities valued at $500,000 deposited by said bank under sections 6, 7 and 8 of said statute (Ill. Rev. Stat. 1937, ch. 32, §§ 292, 293, 294; Jones Ill. Stats. Ann. 135.25, 135.26, 135.27).

The theory of the respondent, in defense, is that the bank merely accepted the duties of Straus Brothers Investment Company, which company was designated in and by the terms of the trust deeds listed in schedule "A" as depositary and paying agent for certain moneys to be paid from time to time by the mortgagors in said trust deeds under the provisions thereof, as such duties were theretofore vested in and exercised by said Straus Brothers Investment Company under said trust deeds, a company which was not shown by the intervening petitioners to have been qualified under the Trust Companies Act; that as *successor* "depositary, paying agent, registrar and withholding agent" the bank was not a trust company within the Trust Companies Act; that the intervening petitioners

are not trust creditors of said bank within the provisions and purview of the Trust Companies Act; that the deposit by said bank of securities valued at $500,000 under the Trust Companies Act was not made for the protection of a "depositary, paying agent, registrar and withholding agent"; that intervening petitioners are not trust creditors entitled to the benefit of the deposit made by said bank of securities under the Trust Companies Act; that there was no declaration of trust in the designation of the bank as *successor* "depositary, paying agent, registrar and withholding agent"; that it does not appear from the evidence that the bank at the time of the creation of the alleged trust received any directions or instructions as to the terms and conditions of the supposed trust, the manner of the performance of its duties as *successor* "depositary, paying agent, registrar and withholding agent," or the administration thereof; that the subject matter of the supposed trust has not been properly described, nor have the beneficiaries been sufficiently identified, nor has the object of the supposed trust been declared; that the bank was merely to act as custodian of certain funds and that such funds constituted a special deposit; that said bank did not act as trustee as contemplated by the Trust Companies Act; that the bank, as *successor* "depositary, paying agent, registrar and withholding agent," in receiving moneys from the mortgagors was exercising such power as a bank commonly exercised without qualifying under the Trust Companies Act; that the transactions herein shown could be carried on legally by the bank without becoming qualified as a trust company as provided in the Trust Companies Act.

There does not appear to be any issue as to the facts in this case and they are substantially as follows:

The intervening petitioners, Herman S. Strauss, as trustee, First National Bank & Trust Company of Minneapolis, as trustee, J. E. Lehman, as trustee, and

Herman S. Strauss, individually, are the respective trustees under the trust deeds or mortgages on 41 properties, securing various serial and sinking fund bond issues. Straus Brothers Investment Company was in 1928 designated as "depositary, paying agent, registrar and withholding agent" in each of said trust deeds.

On June 6, 1931, Straus Brothers Investment Company, went into receivership. On August 15, 1931, Chicago Bank of Commerce was appointed by said mortgage trustees *successor* to Straus Brothers Investment Company, as "depositary, paying agent, registrar and withholding agent" under each of said trust deeds, which said appointment was duly accepted by said bank, whereby said bank became "entitled to exercise all of the rights, powers, privileges and duties theretofore vested in Straus Brothers Investment Company under the provisions of said trust deeds and to make any and all payments for and on account of the principal of or interest on any of the bonds or coupons secured by said trust deeds," as well as any and all payments for or on account of income tax. Notice of the appointment of said bank as aforesaid was given to the various mortgagors in the trust deed and these mortgagors were authorized and directed by the mortgage trustees to make and did make any and all payments on account of the principal or interest on bonds or coupons secured by said trust deeds as well as all payments on account of income tax to said Chicago Bank of Commerce. In each of said trust deeds there was a pledge of the rents, issues and profits arising from the real estate described therein and such rents, issues and profits were deposited by the mortgagors with said bank and held by said bank as "depositary, paying agent, registrar and withholding agent" to the extent of $107,900.90, which sum was in the hands of the bank at the time it was closed. About

6 months thereafter Alfred K. Foreman, who was appointed as receiver of the bank, resigned on behalf of the bank as successor to Straus Brothers Investment Company as "depositary, paying agent, registrar and withholding agent" under each of said trust deeds.

Since the filing of their intervening petition on January 9, 1934, the trustees under said trust deeds appointed Herman S. Strauss, individually, the supplemental petitioner, to succeed said bank as successor to Straus Brothers Investment Company as "depositary, paying agent, registrar and withholding agent" under all of said trust deeds. Prior to its said appointment as *successor* "depositary, paying agent, registrar and withholding agent," the bank deposited securities with the auditor of public accounts in the aggregate principal amount of $500,000 and thereby became qualified as a trust company under the Trust Companies Act.

Each mortgage listed in schedule "A" was handled as a separate sinking fund account and was given a trust account number for identification by the bank in its trust department. For instance, as an illustration of the plan used by the bank, we cite the case known as Haskell Park Properties of Rockford, Illinois, wherein the mortgage was designated as trust account No. 250. That account was not shown as a separate liability to the trust department, but the total of all the accounts was carried into a commercial account as a liability to the trust department. Monthly deposits were made by the mortgagors in those accounts until a 6 months' interest payment under the mortgages was accumulated. There was no interest credit given on those deposits to any one. Those deposits were then transferred to disbursement accounts known as the "coupon accounts" which were labeled with the same identification numbers. The bank was compensated

as *successor* "depositary, paying agent, registrar and withholding agent," but not by the petitioners.

It was agreed by counsel that the use of the term "trust" by opposing counsel and the witnesses is not intended to bind the respondent to a conclusion that each of these accounts was a "trust" account within the meaning of the Trust Companies Act.

Although the transactions heretofore set forth are quite involved, we think there is only one question before us for decision, namely: Was the Chicago Bank of Commerce such a trustee as contemplated by the statute commonly known as the Trust Companies Act?

The evidence shows that the certificate of appointment from Herman S. Strauss as trustee, to the Chicago Bank of Commerce, provides as follows:

"Now, THEREFORE, the undersigned, HERMAN S. STRAUSS, Trustee, has elected to and does hereby exercise his right, power and privilege of appointment in him vested, and duly appoints and designates the CHICAGO BANK OF COMMERCE OF CHICAGO, ILLINOIS, to succeed the said STRAUS BROTHERS INVESTMENT COMPANY as Depositary, Paying Agent, Registrar and Withholding Agent under the provisions of the Trust Deed and Chattel Mortgage above mentioned, and said CHICAGO BANK OF COMMERCE will, by virtue of its appointment by the undersigned Trustee, be entitled to exercise all of the rights, powers, privileges and duties heretofore vested in said STRAUS BROTHERS INVESTMENT COMPANY under the provisions of the aforesaid Trust Deed and Chattel Mortgage.

"By reason of the appointment herein by the undersigned Trustee, and the acceptance of such appointment by the said CHICAGO BANK OF COMMERCE, the mortgagor is authorized and directed to make any and all payments for and on account of principal of or interest on any of the bonds and/or coupons secured by the aforesaid Indenture, as well as any and all pay-

ments for and on account of income tax payments, which said principal and/or interest or income tax payments may be due now or hereafter accruing, to said Chicago Bank of Commerce of Chicago, Illinois.''

The document from which we have just quoted was signed, ''Herman S. Strauss, Trustee.''

To that document the Chicago Bank of Commerce issued its acceptance in the following words:

''The Undersigned, Chicago Bank of Commerce of Chicago, Illinois, does hereby accept the appointment as Depositary, Paying Agent, Registrar and Withholding Agent made by the Trustee in the within instrument pursuant to the provisions of the Trust Deed and Chattel Mortgage from Haskell Park Building Corporation, Mortgagor, to Herman S. Strauss, Trustee. . . .''

The above acceptance was signed, ''Chicago Bank of Commerce, by Frederic Pope, Vice President.''

It will be noted by the foregoing written appointment and acceptance thereof that said bank was entitled to ''exercise all of the rights, powers, privileges and duties heretofore vested in said Straus Brothers Investment Company under the provisions of the aforesaid Trust Deed and Chattel Mortgage.'' Inasmuch as Straus Brothers Investment Company was not incorporated under the Trust Companies Act, the powers granted to the Chicago Bank of Commerce were limited to those of a corporation other than a trust company.

It will be noted that in the inception of this transaction between these parties there was no indication that a trust relation was intended. The evidence shows that after the appointment of the bank was made, the mortgagors were notified, authorized and directed to make to said bank any and all payments for and on account of the principal or interest of any of the

bonds and/or coupons secured by the aforesaid trust deeds, as well as any and all payments for and on account of the income tax payments.

The evidence further shows that the bank had collected $107,900.90, as income from the various properties aforesaid; that this sum was in the possession of the Chicago Bank of Commerce at the time it closed its doors and a receiver was appointed; that in each of the trust deeds on the property [as was alleged in the brief of the intervening petitioners] there was a pledge of the rents, issues and profits arising from the real estate and that such rents, issues and profits were deposited by the mortgagor with the Chicago Bank of Commerce as *successor* "depositary, paying agent, registrar and withholding agent" under the appointment heretofore mentioned. The trust deeds are not in the record so we do not know what provisions they contain.

The evidence further shows that the Chicago Bank of Commerce kept separate accounts as to each parcel of land referred to and these were designated as sinking fund accounts under various trust numbers identifying the particular property involved; that the total amounts received on all these properties mentioned were carried in a commercial account as a liability to the trust department; that monthly deposits were made as to each and every one of the properties until these accumulated for a 6 months' interest payment and they were then transferred by the bank to a disbursement or coupon account known as the "Coupon Account" and each disbursement or coupon account was labeled with a trust number and was so designated on the books of the trust department of the Chicago Bank of Commerce, and that as to each parcel of property involved herein, the bank had one account for the receipt of moneys, and a like account for the disbursement of moneys.

The evidence further shows that the Chicago Bank of Commerce was compensated for its services as *successor* "depositary, paying agent, registrar and withholding agent" in various amounts, and that said payments were made through deductions from the amounts disbursed to the beneficiary.

If the transactions between the trustees named in the trust deeds and the Chicago Bank of Commerce were entitled to be protected by the Trust Companies Act, it must appear and be shown that the Chicago Bank of Commerce became an "assignee or a trustee by deed" as provided by statute.

There are certain essentials necessary to the creation of a trust that the declaration regarding same must make reasonably certain its material terms and that these terms must include:

1st. The subject matter or property embraced within the trust;

2nd. The beneficiaries or persons in whose behalf the trust is created;

3rd. The nature and quantity of the interests which they are to have; and

4th. The manner in which the trust is to be performed.

If any of these necessary elements is not described with certainty no trust is created. *Orr v. Yates,* 209 Ill. 222; *Snyder v. Snyder,* 280 Ill. 467, and cases therein cited.

One has but to apply this rule to the so-called deed of appointment to find that the same does not measure up to the requirements of the law as heretofore quoted. It is to be noted that the word, "trustee" is not used in said articles of appointment or acceptance, but the Chicago Bank of Commerce was named as *successor depositary, paying agent, registrar* and *withholding agent,* and also its status was limited to that of suc-

cessor to Straus Brothers Investment Company, which latter company was not organized under the Trust Companies Act. Nowhere in the documents nor in the evidence does it appear as to what were the terms and conditions of the trust. Nowhere in the record does it appear as to who were the beneficiaries in whose behalf the trust was created or the nature or the quantity of the interest of the beneficiaries nor how the trust was to have been performed. It does not appear from the so-called declaration of trust or from the evidence that the bank received any directions or instructions as to the manner of the performance of its duties or what was the object of the trust.

We do not believe this transaction between Herman S. Strauss, as trustee, and the Chicago Bank of Commerce was in any sense a trust under the statute and does not come within the purview of the Trust Companies Act. Therefore, this claim is not entitled to the benefit and protection of the funds on deposit with the State auditor of public accounts. As we view the situation and from the language used in the certificate of appointment, as well as the evidence in support thereof, we are of the opinion that the Chicago Bank of Commerce acted merely as custodian of certain funds entrusted to it and not as such trustee as provided by statute which would entitle the intervening petitioners to a preferred claim against the securities deposited with the State auditor and, therefore, this claim is disallowed.

For the reasons herein given the decree of the circuit court is reversed and the cause is remanded with directions to enter a decree in harmony with this opinion.

*Decree reversed and cause remanded with directions.*
HEBEL, P. J., and HALL, J., concur.

ON REHEARING.

Our attention has been called to a certain sentence which appears on page 7 of the opinion filed by this court on March 16, 1938, in the above entitled cause. That sentence reads as follows: ''Inasmuch as Straus Brothers Investment Company was not incorporated under the Trust Companies Act, the powers granted to the Chicago Bank of Commerce were limited to those of a corporation other than a trust company.''

Inasmuch as the Trust Companies Act does not provide for incorporation, but merely permits qualification under the terms of said act, it is obvious the court intended to use the word ''qualified'' and that sentence is hereby changed to read: ''Inasmuch as Straus Brothers Investment Company was not qualified under the Trust Companies Act, the powers granted to the Chicago Bank of Commerce were limited to those of a corporation other than a trust company.''

After the time had expired within which motions for rehearings could have been made, pursuant to the rules of this court, a written motion on behalf of appellees was made without permission, asking that additional evidence of the appellees be presented in this court. In the same motion counsel for appellees states that the said evidence is already in the record by admission in the pleadings. This would render any further evidence unnecessary.

The above correction having been made, the former opinion filed by this court in the above entitled cause on March 16, 1938, stands as the opinion of this court.

*Decree reversed and cause remanded with directions.*

HEBEL, P. J., and HALL, J., concur.