## WILLIAM P. HILLIARD

*v.*

## MARGUERITE J. ANDERSON.

*Opinion filed June 19, 1902.*

1. ALIMONY—*decree may be modified as changed circumstances require.* Section 18 of the Divorce act expressly empowers the court to make such alterations from time to time after final decree, in the amount allowed for the care, custody and support of a child or children, as appears reasonable and proper.

2. SAME—*when allowance of $60 per month to educate child will be upheld.* An increase in the amount allowed by a divorce decree for the support and education of a child from $35 per month to $60 will be upheld, where it is shown that the expense of continuing the child at the school she had been attending is $650 per year, that the father is worth from $20,000 to $40,000, and there is testimony that the $35 first allowed was intended only for the vacation.

3. PARENT AND CHILD—*duty of father to support child.* Where a divorce is granted for the husband's fault and the decree gives the custody of the child to the mother, but provides that the father shall pay an allowance for its support and education, it is the duty of the father to maintain and educate the child in a manner befitting his circumstances; and the amount of property owned by him and his ability to earn money are proper elements for consideration in fixing the amount to be allowed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES A. BISHOP, Judge, presiding.

CRATTY, JARVIS & LATIMER, for appellant.

WING & CHADBOURNE, and ELA, GROVER & GRAVES, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Appellant and appellee were formerly husband and wife. On July 23, 1900, the appellee was granted a decree of divorce for the fault of the husband. By stipulation between the parties to the divorce proceeding the

sum of $12,000 was fixed upon and decreed to be paid the appellee by the appellant in full satisfaction of alimony (past, present and future,) and all claims of dower or otherwise in the property of the husband. The decree provided, however, that this stipulated sum should not relieve the appellant from his duty and obligation to provide for the support and education of Edna, the daughter and only child of the parties. As to the daughter, the decree contained the provision that the moneys necessary to be devoted to her care, support and education should be disbursed by the appellee, her mother, and should be provided by the appellant, and fixed the amount to be paid by appellant to appellee for the benefit of the daughter at $35 per month, to be paid on the first day of August, 1900, and each succeeding month, until the further order of the court. In December, 1900, the divorce proceeding was re-docketed and the appellee filed a petition asking that the amount so ordered to be paid to her for the use and benefit of the daughter should be increased. On a hearing of the petition it was ordered the appellant should contribute $75 per month to be expended for the use of the daughter. He prosecuted an appeal from this order, and the Appellate Court for the First District reduced the monthly sum to be paid to $60 and affirmed the decree thus modified. This is an appeal from the judgment of affirmance so entered in the Appellate Court.

The original decree fixing $35 per month as the amount to be paid for the use of Edna is not *res judicata*. The decree expressly provided the amount then ordered to be paid for that purpose should be subject to the further order of the court. The express declaration of the retention of power in the court over the amount so to be paid by the husband was not, however, necessary to authorize the court to increase or diminish the allowance, as the changed conditions or circumstances might require. Section 18 of chapter 40 of the Revised Statutes,

entitled "Divorce," expressly empowers the court to make such alterations from time to time, after the final decree, in the amount allowed for the care, custody and support of a child or children, as shall appear reasonable and proper. We have approved this statutory provision in many cases in this court.

The appellee testified that when the order was entered for the payment of $35 per month, (in July, 1900,) it was understood between the parties and stated in open court that the allowance so made was only intended to remain in force during the summer months, and, consequently, while Edna was not in attendance at school. This the appellant denied, but we are inclined, as was the Appellate Court, to accept the statement of the appellee as the more reasonable. The daughter had for two years preceding the entry of that decree been kept by the appellant at a boarding school, called "Waterman Hall," at an annual expense to him of about $650. She was returned to the school in September following the entry of this order to continue her course of studies there, and without dissent or disapprobation on the part of the father, and we must conclude such was his intention and desire at the time the decree was rendered, and yet such intention, in view of the known cost of her tuition, boarding, etc., at the school, is entirely inconsistent with the insistence that the sum of $35 per month was intended as a fixed and permanent allowance to be expended for the benefit of the daughter. It was proven that during the period of the summer vacation of the school $35 per month would defray the usual and ordinary expenses of maintaining and supporting the girl, but it was further shown that during said summer vacation of 1900 (the year in which the decree was granted) Edna suffered a dislocation of her arm which entailed an expenditure of an additional sum for medical attention. Edna was returned in September, 1900, to Waterman Hall for the third year, and in December of that year the ap-

pellee, her mother, applied to the court for an order increasing the amount to be paid by the appellant. The chancellor properly held the court possessed power to alter and increase such allowance. The evidence justified an increase in the amount to be paid by the appellant for the support and education of his daughter.

The appellee has filed cross-errors, and urges that we should restore the allowance to $75 per month, as fixed by the circuit court. We are inclined, however, to accept the conclusion reached by the Appellate Court. The husband and wife separated in August, 1898. The daughter, Edna, was then of the age of about twelve years. The appellant, with the consent of the appellee, in September, 1898, sent said Edna, as above mentioned, to Waterman Hall to be educated and maintained, and supported her there for two college years, the latter ending in June, 1900, preceding the rendition of the decree of divorce in July of that year. The annual total expense of maintaining the daughter at Waterman Hall was about $650. This, of course, did not include the expense of maintaining the daughter in the interval between the college terms, nor did it include medical attention and care at any time. The total sum voluntarily appropriated by the appellant during the whole of these years to the support, education and maintenance of the daughter could not have been less than the sum fixed by the Appellate Court to be paid annually hereafter for that purpose. The daughter has since grown more nearly to the years of womanhood, and the expense of properly maintaining and providing for her has not diminished, but must, of necessity, have increased. It would seem to follow as with the force of a concession to that effect by the appellant, that the sum fixed by the Appellate Court is not more than ought reasonably to be granted for the use of the daughter, unless the financial circumstances and ability of the appellant to earn money have undergone such a change as to be inadequate to the payment

of such a sum. The duty of the appellant, which the
court is here called upon to enforce, is to maintain and
educate his daughter in a manner befitting his condition
and circumstances in life. The property owned by him
and his ability to earn money are proper elements to be
considered in determining the amount which he should
be required to devote to this purpose. The property of
the appellant seems to consist most largely of real es-
tate which came to him by inheritance from his father,
and the sum of $2500 in cash which came to him in
like manner from the estate of another relative since
the rendition of the decree of divorce. The value of the
real property is variously estimated by the different wit-
nesses. The appellant places the net value of his estate
at $20,000. Evidence on behalf of the appellee tended
to show the value of the real estate owned by the appel-
lant, over and above his indebtedness, exceeded $40,000.
Appellant's testimony as to the income earned by him is
that he is engaged in business as a real estate agent, but
he insists that he has not been able to earn more than
rent and office expenses.

Providing a child with proper and suitable education
is now generally recognized and enforced by the courts
as one of the duties of a parent, the means and ability
of the parent being kept in view. The appellant has but
one child. His means are, we think, ample to enable him
to complete her education at the school and according
to the plan which he, himself, adopted. To accomplish
this, and to otherwise provide reasonably for her care
and support, will require the expenditure, during the
period of her minority, of at least the amount ordered by
the Appellate Court to be paid. It is not apparent there
is any necessity she should be taken from Waterman Hall
and given such education as she might receive in the
public schools, as appellant suggests should be done.
Under the judgment of the Appellate Court the allow-
ance of $60 per month would begin when Edna was about

the age of fourteen years and continue until she should reach her majority,—a period of about four years. The total of such allowance would not exceed $2800,—a sum which it is clear will not be an unreasonable burden upon the appellant to provide for that purpose. It is, we think, adequate to all the proper purposes of her education, maintenance and support.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*