## VOLUME 75,

### AND

# New York State Reporter,

## VOLUME 109.

---

(69 App. Div. 509.)

### ROBINSON v. APPLEBY et al.

(Supreme Court, Appellate Division, Second Department. March 14, 1902.)

TRUST—DEPOSIT IN BANK—REVOCATION—WITHDRAWAL—LIABILITY OF TRUSTEE.
  Where defendant's testatrix deposited money in a savings bank, re-
  ceiving a pass book headed with her name, "in trust for" a grandson by
  name, she thereby created an irrevocable trust, and her estate is
  chargeable with so much of such money as was withdrawn by her, with
  interest thereon.

Appeal from special term, Suffolk county.
Action by Albertina L. Robinson, as administratrix of the estate
of Frederick H. Robinson, deceased, against Charry C. Appleby and
others, as executors of the will of Helen C. Pratt, deceased. From
a judgment for plaintiff, defendants appeal. Modified and affirmed.
Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

Timothy M. Griffing, for appellants.
Thos. J. Ritch, Jr., for respondent.

GOODRICH, P. J. Helen C. Pratt deposited $2,695 in the River-
head Savings Bank in February, 1887, and received a pass book
headed, "Helen C. Pratt, in Trust for Freddie Hemenway Robin-
son." Freddie was her grandson. The pass book contained other
entries which show that on September 17, 1889, she withdrew $1,000,
and on January 10, 1891, deposited $934.63, which, with previous
deposits and credited interest, made the aggregate deposit $3,000.
On January 26, 1893, she withdrew $500. On May 31, 1893, the
amount on deposit, including interest, was $2,740. On that day she

75 N.Y.S.—1

surrendered the pass book, and transferred the balance of $2,740 to a new account, headed, "Helen C. Pratt, in Trust for Freddie H. Robinson. Note. Not to be paid to F. H. R. until he is 30 years of age." Mrs. Pratt signed a paper reading as follows: "I desire to open an account with the Riverhead Savings Bank in my name, in trust for Freddie H. Robinson. Said account to be governed by the by-laws, rules, and regulations of the said institution. After my death, the balance then due on said account is not to be payable to said Freddie H. Robinson until he is 30 years of age." This second pass book was never given to Mrs. Pratt, but was always retained by the bank. The account was closed by Mrs. Pratt on January 24, 1894, when she drew the entire deposit, which, including interest, amounted to $2,850.68. The bank at the same time took a receipt in full, signed, "Helen C. Pratt, in Trust." Freddie died on January 20, 1894, four days before the withdrawal. In April, 1888, Mrs. Pratt had made a will, in which she gave all her real and personal estate to trustees for the support of her husband and two grandchildren, Arthur and Freddie, and provided that the trustees, in their discretion, might "furnish each of them a sum, after arriving at twenty-one years of age, not exceeding three thousand dollars, to go into business with or to invest in a farm." On January 23, 1894, three days after the death of Freddie, Mrs. Pratt altered her will by a codicil, by which she directed the trustees to apply the income of her estate to the support of Arthur, to the extent of $3,000 yearly, if he requested it, until he arrived at the age of 30 years, and then to pay him one half of his property absolutely, and the income of the other half, with other provisions in case of his death without issue before reaching the age of 30 years. Three questions are presented: First. Did Mrs. Pratt, when she made the original deposit, intend to create a trust for Freddie? Second. Can her subsequent acts be declared evidentiary of her intention in originally making the deposit? Third. What interest should be charged against Mrs. Pratt's estate?

We have had occasion to consider the first question in several cases, noticeably in Robertson v. McCarty, 54 App. Div. 103, 66 N. Y. Supp. 327, opinion by Mr. Justice Hirschberg, and in Meislahn v. Meislahn, 56 App. Div. 566, 67 N. Y. Supp. 480, opinion by Mr. Justice Jenks. The law as specially adapted to this case is stated in the former opinion; viz., that it is the settled law of this state that (page 104, 54 App. Div., and page 328, 66 N. Y. Supp.):

"The intent of the depositor at the time of the deposit determines the nature and legal effect of the act, and all the surroundings, facts, circumstances, and declarations will be taken into consideration on the question of intent, but the deposit in the form of a trust, unqualified and unexplained, creates a trust at the time, which, once legally established, cannot be revoked, in the absence of a reservation of the power of revocation."

Applying this law to the facts of the case at bar, we are of opinion that a legal trust was created by Mrs. Pratt at the time of and by the original deposit, and that, as she reserved no power of revocation, she had no power to revoke the trust, and, this being true, her subsequent acts are not evidence of her original intention. This

was the finding of fact by the learned justice at special term, and we approve such finding.

Interest should be allowed on the amount drawn out of the bank at 6 per cent. from the time it was drawn, and the judgment must be modified in this respect. The amount drawn out was $2,850.64, and it was drawn on January 24, 1894. As thus modified, the judgment should be affirmed, without costs of this appeal to either party. All concur.