(No. 11471.—Reversed and remanded.)

GEORGE E. SNYDER et al. Appellants, vs. JOHN M. SNYDER, Appellee.

*Opinion filed October 23, 1917.*

1. TRUSTS—*what is necessary to establish express trust.* For a declaration to establish an express trust the writing must be signed by the party to be charged and must contain all of the three necessary elements,—words sufficient to raise a trust, a definite subject and an ascertained object.

2. SAME—*when subject of express trust is not sufficiently described.* Where a guardian's report relied on as a declaration of express trust states that the money of her wards was at their request invested in land and does not describe the land in a manner sufficient to locate it the declaration does not establish an express trust, as the subject of the trust is not sufficiently described.

3. LACHES—*laches is not so readily imputed to members of the same family as to strangers.* Where positive evidence exists which proves that the defendant has always recognized the plaintiff's rights, delay in bringing suit will be excused; and the relations of the parties and the fact that they are members of the same family have an important bearing upon the question of *laches,* delay under such circumstances being not so strictly regarded as where the parties are strangers.

APPEAL from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding.

B. W. ADSIT, and P. A. GIBBONS, for appellants.

BOYS, OSBORN & GRIGGS, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellants filed their bill in the circuit court of Livingston county to have themselves and appellee, John M. Snyder, declared to be vested with the equitable title in fee simple to forty acres of land and for partition of the same. The bill alleges that John C. Snyder died intestate October 18, 1874, leaving surviving him his widow, Phœbe J. Snyder, and his children, George E. Snyder, Lillian Vic-

toria Snyder, Joel T. Snyder, John M. Snyder and Rachel Ellen Snyder, as his only heirs-at-law; that thereafter Joel T. Snyder died intestate, leaving surviving him his widow, Nora S. Snyder, and his children, William T. Snyder, Flossie J. Bran, Effie M. Clawson and Delbert S. Snyder, as his only heirs-at-law; that Phœbe J. Snyder died testate May 9, 1912; that on March 20, 1877, Phœbe J. Snyder was appointed guardian of her said five children; that the youngest of said children was Lillian Victoria Snyder, who was born on October 13, 1869; that Phœbe J. Snyder, as such guardian, received from the estate of John C. Snyder the sum of $486, and received from other sources money of her said wards amounting in all to $800; that on May 24, 1882, she purchased the forty acres of land in question with the money of her wards and took the legal title in her own name; that she, in fact, took and held said premises and the legal title thereto in trust for her said five children and that the equitable title vested in them; that on August 20, 1883, for the purpose of declaring such trust in favor of her said five children, she made her written report as guardian to the county court of Livingston county, which contained the following statement: "She would further report that the above amount shown to be in her hands belongs in equal parts to each of the five heirs, and that at their request it has been by her invested in land, as in that way it goes farther toward making a living for them. She would further represent that one of her wards, to-wit, John M. Snyder, has now arrived at full age, and she herewith presents a final receipt from him and wishes to be discharged as to said ward, John M. Snyder;" that this report was signed and sworn to by Phœbe J. Snyder; that the five heirs referred to were the five minor children of said John C. Snyder and Phœbe J. Snyder, and that the land referred to in said declaration was the forty acres in question. The bill then contains the following allegation: "Your orators further represent that after the making of said deed

and the filing of the said report and declaration of trust the said Phœbe J. Snyder never repudiated said trust nor claimed to be the owner of the legal title to said premises, but continued by her acts and declarations to recognize the existence and continuance of said trust in said lands in favor of the said minor children of John C. Snyder, deceased, and the children and heirs-at-law of the said Joel T. Snyder, deceased." The bill then sets up the interest of the parties and charges that the legal title in fee simple to the premises should be vested in said parties as tenants in common. It further alleges that Phœbe J. Snyder left a last will and testament, whereby she devised all her property, real, personal and mixed, to appellee, John M. Snyder, and concludes with a prayer for the vesting of the title in the children and descendants of John C. Snyder, deceased, and for the partition of the same. To this bill John M. Snyder, individually and as executor of the last will and testament of Phœbe J. Snyder, deceased, filed a demurrer, which was sustained. Appellants have brought the record to this court for review by appeal.

Appellee contends that the demurrer was properly sustained for the reasons (1) that the alleged trust not being manifested and proved by a proper writing signed by Phœbe J. Snyder cannot be enforced as an express trust; and (2) that, considered as a resulting trust, it is barred by the gross *laches* of appellants.

Any writing signed by the party to be charged, if it contains the necessary elements, is sufficient to establish an express trust. The statement contained in the report of Phœbe J. Snyder made to the county court is signed and sworn to by her but does not contain all the elements necessary to establish an express trust. There are three necessary elements which must be present in every such declaration, and if any one of the three is absent the trust fails. The first element is, that there must be words sufficient to raise a trust; second, there must be a definite subject; and

third, there must be a certain or ascertained object. If any one of these three elements is lacking the trust will fail. (*Orr* v. *Yates,* 209 Ill. 222.) By her declaration Phœbe J. Snyder used words sufficient to raise a trust and she designated certainly the objects of the trust. There is, however, no definite subject. She states, generally, that the money of her wards was at their request invested in land. The land is not described particularly by technical terms or in any general manner that would serve to locate it. The subject of the trust not being described or in any way identified, it follows that an express trust was not created.

The facts alleged in the bill are sufficient, however, to raise a resulting trust, and this is conceded by appellee. He contends that appellants are barred by their gross *laches* from now insisting upon an enforcement of the trust. The allegations of the bill are meager. They do not disclose the financial condition of Phœbe J. Snyder or that of any of her children. It does not appear that she lived upon this land as her homestead or that she was dependent either upon the income from this land or upon her children for her sustenance. The bill does allege, however, that the land in question was purchased for the wards of Phœbe J. Snyder, who were her children, and that she never repudiated the trust nor claimed to be the owner of the legal title to the premises but continued by her acts and declarations to recognize the existence and continuance of the trust in favor of her children. This is a sufficient declaration that she never repudiated the trust and never claimed to own the title adversely to the *cestuis que trustent.*

Appellee cites a number of cases to the effect that advantage may be taken by demurrer of *laches* where such appears upon the face of the bill and no facts are set forth excusing the delay, and a number of cases are cited wherein the defense of *laches* was successfully interposed by a guardian and others sustaining fiduciary relations, against a bill by the wards to establish trusts in lands. Ordinarily

*laches* may be successfully interposed as a defense to an action of this kind, but the rule is different where the transactions occur between strangers and where they occur between parent and child. Where positive evidence exists which proves that the defendant has always recognized the plaintiff's rights delay in bringing suit will be excused, and the relations of the parties and the fact that they are members of the same family has an important bearing upon the question of *laches,* and delay under such circumstances is not so strictly regarded as where the parties are strangers. (*Madison* v. *Madison,* 206 Ill. 534.) In discussing this question in *Ryder* v. *Emrich,* 104 Ill. 470, we said: "It seldom occurs, as experience teaches, that a child sues a parent, whatever the wrong or the right of recovery, and when it is done, so unnatural an act renders the child odious to the community. It would not, therefore, be expected that they would have sued him, however just their claim." In *VanBuskirk* v. *VanBuskirk,* 148 Ill. 9, we said: "Undoubtedly resulting trusts may be barred by lapse of time or *laches* on the part of the supposed *cestui que trust.* But no certain time can be fixed within which the application for the enforcement of the trust should be made. What lapse of time will operate as a bar must necessarily be determined by the equitable discretion of the court and will depend upon the nature and circumstances of each case. Lapse of time will not ordinarily be regarded as a bar where there has been no adverse possession of the property by the nominal purchaser and where he has not repudiated or disavowed the trust but has admitted it and where an excuse for or explanation of the delay is furnished by the circumstances of the case or the relations of the parties."

Under the allegations of this bill there was no adverse possession of the property by Phœbe J. Snyder, and she never repudiated nor disavowed the trust but admitted it, and the delay is excused by reason of the relations of the parties. It would, indeed, be a harsh application of the rule

to say to these children because they suffered their mother to remain in possession of this property while she expressly avowed that she did not own it or claim to own it, that they must suffer a forfeiture of their rights and lose their title. Under the allegations of the bill Phœbe J. Snyder never claimed to own adversely to her children, and as the law did not impose upon them the necessity of bringing suit to oust their mother of her possession appellants were not guilty of *laches,* and the court erred in sustaining the demurrer to the bill.

The decree dismissing the bill is reversed and the cause is remanded to the circuit court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*