**HELVERING, Commissioner of Internal Revenue, v. MERCANTILE–COMMERCE BANK & TRUST CO. et al.**

No. 11572.

Circuit Court of Appeals, Eighth Circuit.

April 8, 1940.

Writ of Certiorari Denied June 3, 1940.

See —— U.S. ——, 60 S.Ct. 1104, 84 L.Ed. ——.

Before WOODROUGH and THOMAS, Circuit Judges, and NORDBYE, District Judge.

WOODROUGH, Circuit Judge.

This case is brought to this court on petition of the Commissioner of Internal Revenue to review the decision of the Board of Tax Appeals denying deficiency in federal estate tax against the estate of Paul F. Donnelly under the Revenue Act of 1926, as amended. The opinions of the majority and dissenting minority of the Board, and the findings of fact upon which they rest, are reported in Estate of Donnelly, 38 B.T.A. 1234. As there is no attack upon the findings, we have not repeated them in this opinion. Our conclusions upon the points argued are related to the facts shown in the reported findings of the Board. The Commissioner fairly states the question presented here as follows: "In 1933 the decedent created a trust to pay income to his wife to be used by her for family expenses and her own maintenance and support. At his death she was to receive $100,000 in value of the corpus if then living and they were still married, whereas he was to get the entire trust property if he survived her under the same circumstances. The settlor reserved the right to terminate the trust at any time with his wife's consent. Was $100,000, distributable to the wife after death of the decedent on September 7, 1934, includible in the gross estate for federal estate tax purposes under Section 302 (c) or (d) of the Revenue Act of 1926, as amended?"

The amendments referred to are: Section 302 (as amended by Section 404 of the Revenue Act of 1934; (c) (as amended by Joint Resolution of March 3, 1931, Public, No. 131, Seventy-First Congress and by Section 803 (a) of the Revenue Act of 1932); and (d) (1) (as amended by Section 401 of the Revenue Act of 1934) 26 U.S.C.A. Int.Rev.Acts. The applicable Treasury Regulations are Treasury Regulations 80 (1937 Ed.), Articles 15 and 17–20.

L. W. Post, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for petitioner.

Blatchford Downing, of Kansas City, Mo. (McCune, Caldwell & Downing, of Kansas City, Mo., on the brief), for respondents.

Opinion.

As the Board's findings establish that the decedent Paul F. Donnelly created the described trust to pay income to his wife, to be used by her for family expenses and her own maintenance and support, and that she received $100,000 in val-

ue at his death, pursuant to the terms of the trust, it must be concluded under the controlling decisions that Mr. Donnelly was taxable during his lifetime for income tax in respect to the income from the trust property, notwithstanding the income was payable to the wife. Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L. Ed. 3, 101 A.L.R. 391; Helvering v. Fitch, 60 S.Ct. 427, 84 L.Ed. ——, decided January 29, 1940. Although there may be some question whether all of the trust income was in fact applied in satisfaction of obligations which were legally enforceable against Mr. Donnelly as the husband of Virginia George Donnelly, there can be no question but that all of it was made applicable to such obligations under the terms of the trust and some of the trust income was so applied.

We think the result of the reservation by the settlor of the trust of the right to have the trust income applied in discharge of his continuing legal obligations was equivalent to "retaining the right" to that income within the meaning of Section 302 (c), as amended. The basis upon which the settlor of such a trust is held to be subject to income tax in respect to the income of the trust is that the creation of the trust as the channel for the application of the income to the discharge of the settlor's obligations leaves the nature of his transaction in discharging his obligations unaltered and such income stands on substantially the same footing as though the settlor had received the income personally and paid it out personally. To declare that the settlor of such a trust has retained the right to have his obligations paid out of the trust income is merely to express the same principle in different form by relating the declaration to the settlor's rights rather than by relating it to his transactions as a payor of his obligations and to his duties as a taxpayer. Considering the context of Section 302, which imposes estate tax where the decedent has made a trust transfer of his property and "has retained the right to the income from the property", we think the words "retained the right to the income" are used in the context to mean the opposite of "surrendered the right to the income". The trust income is treated of as an entity distinct from the corpus and the liability to estate tax is made to depend on whether the decedent had retained or surrendered his right to it. The right referred to is a substantial right in respect to the income generally, not necessarily every incident of right originally vested in the decedent. It would strain the meaning to construe the section as though it read that the estate tax would only be applicable to property transferred by trust in the cases where the decedent had retained an absolute right to have paid to himself each and every dollar of the income from the property. It would also pervert the meaning and render administration impracticable to read into the section a burden upon the Commissioner to segregate out of the income some dollars thereof which may not have been applied to a legal obligation of the decedent and to reduce the taxable corpus proportionately. The administrative Regulation[1] is fairly within the intent of the Revenue Act and properly applicable in this case. The reasoning of the minority opinion of the Board of Tax Appeals appears to us to sustain its conclusion. We accordingly hold that the corpus of the trust transfer made by Mr. Paul F. Donnelly involved herein was a part of his gross estate of which he had made a transfer by trust under which he had "retained for a period which did not in fact end before his death" "the right to the income from the property" within the meaning of Section 302 (c) as amended.

This appeal was argued before the decisions of the Supreme Court had been handed down in Helvering v. Hallock, Helvering v. Squire, Rhotensies v. Huston, Bryant v. Helvering, 60 S.Ct. 444, 84 L. Ed. ——, 125 A.L.R. 1368, and Helvering v. Fitch, 60 S.Ct. 427, 84 L.Ed. ——, on January 29, 1940, and at the request of the Commissioner we deferred our decision. Additional briefs were submitted to us by both parties after the Supreme Court acted. We find support of our conclusion in Helvering v. Fitch, but the facts con-

---

[1] Treasury Regulation, 80, Art. 18 (1937 Ed.) "If for any such period the use, possession, rents, or other income (in whole or in part) were to be disposed of in discharge of a legal obligation of the decedent or otherwise for his pecuniary benefit, then to that extent the use, possession, rents, or other income will be treated as having been reserved to or retained by the decedent."

sidered by the Supreme Court in the other cases distinguish them from the case at bar.

It has been contended for the respondent that the transfer made by Mr. Donnelly, or at least some part thereof, should be construed to be a gift transfer from Mr. Donnelly to his wife, and that at least some part of the hundred thousand dollar corpus delivered to Mrs. Donnelly at Mr. Donnelly's death should not be included in the gross estate of Mr. Donnelly. We have carefully considered the contentions and authorities relied on, but find no basis in the facts found by the Board of Tax Appeals for any conclusion except that the deficiency found by the Commissioner should have been sustained.

The Commissioner's contention that Section 302 (d), as amended by Section 401 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, should be applied to the trust involved here is ruled against him by Helvering v. Helmholz, 296 U.S. 93, 56 S.Ct. 68, 80 L.Ed. 76.

Reversed, with directions to sustain deficiency.