## HELFRICH'S ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8378.

Circuit Court of Appeals, Seventh Circuit.

June 2, 1944.

Petition for Rehearing Denied July 11, 1944.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This is a petition to review a decision of the Tax Court upholding the Commissioner's assessment of a deficiency in estate tax of $1,271.83 against the estate of John Howard Helfrich and his executors. The dispute arises over the inclusion in the gross estate of the balances at decedent's death of four savings accounts created by him during his lifetime. The facts were stipulated.

On November 26, 1934, decedent opened a savings account of $1,500 for each of his four children at the Harris Trust & Savings Bank in Chicago. At the same time he and his wife executed and delivered to the bank four instruments which were identical except for the number of the account and the name of the beneficiary. One of these instruments, omitting the account number and the beneficiary's name, is set out in full:

"Special Trust Agreement
"Dated November 26, 1934.

"J. H. Helfrich and Mrs. Elsa F. Helfrich herein called the 'trustees' hereby make known and declare that they hold all moneys now and hereafter deposited in account number ...... in Harris Trust and Savings Bank in trust for ......, herein called the 'beneficiary', whose address is 707 University Place, Wheaton, Ill.

"During the lifetime of the trustees and the survivor of them all moneys now and hereafter deposited in said account may be paid to or upon the order of the trustees, or either of them, and upon the death of the survivor of the trustees all moneys

deposited in said account shall be payable to or upon the order of the beneficiary. If either trustee shall be under legal disability which shall have been declared by a court of competent jurisdiction, he/she shall be deemed deceased for the purposes of this agreement. The said bank shall not be responsible for or required to see to the proper application of funds withdrawn from said account. The trustees represent that there is existing no agreement in respect of the said account except as herein set forth.

"Elsa F. Helfrich,
"J. H. Helfrich,
"Trustees for ......"

Additional deposits of $2,500 to each account were made by decedent from time to time until his death in 1939, but the only withdrawal was $500 from the account of John Peter Helfrich which was used to defray part of that beneficiary's college expenses.

The Tax Court, 1 TC 590, held that the balances at decedent's death were includable in his gross estate because (a) valid trusts were not created under Illinois law, and (b) the gifts were transfers intended to take effect in possession or enjoyment only at or after death, under Section 811 (c) of the Internal Revenue Code, 26 U.S. C.A. Int.Rev.Code, § 811(c). Two judges concurred only in the result and five judges dissented.

The first question is whether valid trusts were created under Illinois law. The majority opinion of the Tax Court set forth the following excerpt from Gurnett v. Mutual Life Ins. Co. of New York, 356 Ill. 612, 191 N.E. 250, 252, as stating the requirements of a valid Illinois trust:

" * * * To constitute a valid trust of personal property, there must be a declaration by a person competent to create it, a trustee, designated beneficiaries, a certain ascertained object, a definite fund or subject-matter, and its delivery or assignment to the trustee, Godefroi on Trusts (5th Ed.) p. 7; Cruwys v. Colman, 9 Ves. 319; Brown v. Spohr, 180 N.Y. 201 [73 N.E. 14]; Johnston v. Scott [76 Misc. 641], 137 N.Y.S. 243; Gough v. Satterlee [32 App. Div. 33], 52 N.Y.S. 492."

The majority of the Tax Court then stated:

"It is evident that the so-called trust instruments do not meet the above stated requirement as to a 'certain and ascertained object.' Neither by express provision nor by implication from the language of the instruments here in question can the object and purpose of the so-called trusts be ascertained."

We think the majority of the Tax Court misapprehended the law of Illinois on the requisites of a valid trust. There is no requirement in the cases that the settlor set forth his purpose in detail. There is no requirement that he explain why he used a trust as the vehicle of his transfer instead of an ordinary gift by assignment. Mills v. Newberry, 112 Ill. 123, 1 N.E. 156, 54 Am.Rep. 213; Snyder v. Snyder, 280 Ill. 467, 117 N.E. 465; Orr v. Yates, 209 Ill. 222, 70 N.E. 731; Fox v. Fox, 250 Ill. 384, 95 N.E. 498. We know of no Illinois decision which has held a trust invalid because the purpose of the trust was not clearly enough expressed. None of the authorities cited in the Gurnett case, supra, so hold. In fact they indicate rather clearly that the word "object" is synonymous in most cases with "beneficiary." The Gurnett case, itself, dealt with the requirement of a res. The question was whether the rights of a beneficiary under a life insurance policy could be the subject of a trust. No question of uncertainty of terms was involved.

A very recent case holding savings accounts to be valid trusts on much weaker facts is Wasserman v. Commissioner, 1 Cir., 139 F.2d 778. There a Massachusetts decedent had made deposits in various local savings institutions in her own name as "trustee for" either her husband or some one of her children as a named beneficiary. She had informed the beneficiaries of the existence of the accounts and for a brief period had given each possession of his passbook. She had made frequent withdrawals, many of which were unexplained. The First Circuit held that valid trusts were created under Massachusetts law but that nevertheless the balances were includable in decedent's estate, since by her conduct she had shown that she had retained the power to withdraw for her own use.

Numerous New York cases are also in point, including Robertson v. McCarty, 54 App.Div. 103, 66 N.Y.S. 327; Farleigh v. Cadman, 159 N.Y. 169, 53 N.E. 808, and especially, Robinson v. Appleby, 69 App. Div. 509, 75 N.Y.S. 1, affirmed 173 N.Y. 626, 66 N.E. 1115, which was relied on by the minority opinion of the Tax Court.

In view of these decisions it is clear that valid Illinois trusts were created in the instant case.

The Commissioner also contends that these trusts were "Totten" or "tentative" trusts and hence were invalid or at the best revocable. We do not think that the facts in this case bear out that contention. Every bank deposit in trust is not a Totten trust. Fowler v. Gowing, C.C., 152 F. 801, 808. The present case is distinguishable from the Totten cases on several grounds. Separate trust instruments were executed here and another trustee besides the settlor was included. Neither practice is common to Totten trusts. Matter of Totten, 179 N.Y. 112, 71 N.E. 748; Krause v. Krause, 285 N.Y. 27, 32 N.E.2d 779; Matthews v. McKenna, 208 N.Y. 508, 102 N.E. 520; Hemmerich v. Union Dime Sav. Inst., 205 N.Y. 366, 98 N.E. 499, Ann.Cas. 1913E, 514. Furthermore, the language of the instrument itself clearly negatives any right of withdrawal or revocation in the settlor when it provides that "all moneys now and hereafter deposited in said account may be paid to or upon the order of the trustees, * * *." No provision is made for the settlor to withdraw in his own name. The fourth sentence of the instrument contemplates the possibility that the bank might become liable for the trustee's misapplication of the funds without some exculpatory clause. This can mean only that funds withdrawn are still impressed with the trust and cannot become the individual property of the settlor.

■ The Commissioner's final contention is that this property is includable because decedent retained the power to satisfy by use of the trust funds his legal obligation to support his children, or at least the obligation to give them a college education, and that hence the situation comes within the rule of Helvering v. Mercantile-Commerce Bank & Trust Co., 8 Cir., 111 F.2d 224. We agree that a college education for his children under these circumstances was a legal obligation of decedent. Mairs v. Reynolds, 8 Cir., 120 F.2d 857; Hilliard v. Anderson, 197 Ill. 549, 64 N.E. 326. But the case does not rest on that narrow ground.

Decedent's withdrawal to pay for one beneficiary's college expenses is only an illustration of his broad powers over the trust fund. Because of decedent's withdrawal, we must assume that the trustee was empowered to spend trust funds for that purpose.

■ There is no doubt that settlor's subsequent acts are of great significance in construing an ambiguous trust instrument. Wasserman v. Commissioner, supra; Scott on Trusts (1939) Sec. 164.1, p. 830. For that very reason settlor cannot execute an instrument so ambiguous that its terms are dependent upon his subsequent conduct and then claim that he has parted with all rights to the property.

■ Taxpayers argue that conduct unauthorized by the trust instrument is forbidden by the well-known equity restrictions on the behavior of a trustee and that, if committed, such acts would constitute a breach of trust. Without deciding whether in any tax case acts of the trustee-settlor which are incompatible with the taxpayers' version of the trustee's powers can be explained away as a breach of trust, surely in this case, where the instrument is completely ambiguous, no construction is acceptable which does not reconcile the acts of the settlor with the language of the instrument.

We recognize the rule that forbids withdrawals from the property of a minor for his support as long as his parent is able to support him. But that is a case of a trust with definite terms. Where the instrument is as ambiguous in its terms as this one, we cannot say that the trustee breached his duty in making a withdrawal if the language of the instrument can be construed to allow it, especially where the settlor himself is the trustee. Can we say that the settlor did not know the terms of his own instrument? The mischief, of course, results from the ambiguity of the instrument and the identity of the trustee and the settlor. Every act of the trustee is an act of the settlor. And every act of the settlor affects the construction which a court must place on the instrument.

■ Decedent here sought to carve out of his estate and set aside certain funds to be used for his children if needed, the balance to be given them at his death. He effectively retained during his life the power to manage the funds and to say when, in what amount, and for what purpose they should be paid out, as long as the use was consistent with the interest of the beneficiaries. Such control requires the property to be included in decedent's gross estate under Sec. 811(c) of the Code, 26 U.S.C.A. Int.Rev.Code, § 811(c).

Accordingly, the decision of the Tax Court is affirmed.