## COMMISSIONER OF INTERNAL REVENUE v. DWIGHT'S ESTATE et al.

No. 205, Docket 22578.

United States Court of Appeals Second Circuit.

Argued April 14, 1953.

Decided June 3, 1953.

Charles S. Lyon, Asst. Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Helen Goodner and L. W. Post, Sp. Assts. to Atty. Gen., for Commissioner of Internal Revenue, petitioner.

Dana R. Koons, New York City, George J. Schaefer, New York City, of counsel, for respondents.

Before L. HAND, AUGUSTUS N. HAND and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The Tax Court, with four judges dissenting, held that there is an overpayment of the estate tax in the amount of $173,-353.28 since the Commissioner had erred in including in the decedent's gross estate the value of two trusts established by him during his lifetime. 17 T.C. 1317. The findings of fact by the Tax Court may be summarized as follows:

The decedent, Arthur S. Dwight, who at the time of his death on April 1, 1946, was a resident of the State of New York, on March 15, 1930, married Anne Howard Chapin who had had six children by a previous marriage. All of the children were adults at that time with the exception of one who was seventeen years of age. Until decedent's death he and his wife lived together as husband and wife at their principal residence in Great Neck, Long Island, except for winters which were spent at their Florida home.

On December 21, 1931, the decedent established a trust of $170,000, which he increased by $25,000 in 1934, for the benefit of his wife and her six children. The corporate trustee was to distribute 40% of the income to the decedent's wife and 10% to each of her children "for their support and maintenance," but the trustee was "not responsible for the use or application of such income." The trust was to terminate at the death of the survivor of the decedent and his wife, when the principal was to be distributed to the children or their issue. Provision was made for the allocation of the income share of any beneficiary who died prior to the termination.

On August 15, 1935, the decedent made a transfer, on which a federal gift tax was assessed and paid, of $200,000 in trust. The trust indenture provided that the decedent's wife would receive the income during her lifetime "for her support and maintenance, without power of anticipation." Upon the death of the income-beneficiary the trust was to terminate and the principal was to be distributed in equal shares to eight named persons or their issue. A letter written before, but not delivered until after, the execution of the trust indenture shows that the decedent's motive for establishing this trust was to provide his wife with income to meet the living and hospital expenses of her two adult invalid daughters and to meet the annual maintenance expense of the winter home in Florida which he had previously given to her. At all times during their marriage the decedent paid the expenses of running the family home in Great Neck, Long Island;

after the establishment of the first trust the decedent's wife paid for her own clothing and other personal needs.

The Commissioner contends that 40% of the value of the first trust, and the entire value of the second trust are includible in the decedent's gross estate by reason of the applicable provisions of the Internal Revenue Code,[1] since the income was to be used to discharge his legal obligation to support his wife. (The Commissioner has conceded that New York law imposed no legal obligation upon the decedent to support his surviving stepchildren who were all adults at the time of his death, see People ex rel. Deming v. Williams, 161 Misc. 573, 577, 292 N.Y.S. 458, and therefore has limited the appeal to 40% of the value of the first trust. The wife's share of the income was increased by 4.45% on the death of one of her children prior to the termination of the trust, but because that income was received by operation of the dispositive provisions which were not based upon considerations of support the Commissioner has not argued that the proportion of the corpus to be included in the gross estate should be correspondingly increased.) The majority of the Tax Court

held that the decedent did not retain the enjoyment of the income for life since he did not reserve to himself an enforceable right to have the trust income applied towards his wife's support.

Although a husband is of course able to make a gift to his wife without affecting his duty to support her, Shanley v. Bowers, 2 Cir., 81 F.2d 13, 15, we think that this was clearly not the case here as to the first trust. The decedent was under a legal duty to support his wife under the New York law, e. g., DeBrauwere v. DeBrauwere, 203 N.Y. 460, 96 N.E. 722, 38 L.R.A.,N.S., 508, and the trust instrument provided that the income was for her "support and maintenance." We agree with the dissenting opinion in the Tax Court that this provision was not meaningless, and think that Helvering v. Mercantile-Commerce Bank & Trust Co., 8 Cir., 111 F. 2d 224, certiorari denied 310 U.S. 654, 60 S.Ct. 1104, 84 L.Ed. 1418, is not distinguishable on the ground that there the settlor reserved an "enforceable right" to have the income applied toward his wife's support in the trust instrument. See also Helfrich's Estate v. Commissioner, 7 Cir.,

1. "§ 811. *Gross estate*
"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—
  \*  \*  \*  \*  \*
"(c) *Transfers in contemplation of, or taking effect at, death*
"(1) *General rule.* To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise—
  \*  \*  \*  \*  \*
"(B) under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (i) the possession or enjoyment of, or the right to the income from, the property, or (ii) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the

income therefrom; or \* \* \*." 26 U. S.C. § 811.

This section is applicable to the transfer made in 1935. Under the provisions of § 7(b) of the Technical Changes Act of 1949, 63 Stat. 891, 26 U.S.C. § 811 note the Joint Resolution of March 3, 1931, 46 Stat. 1516, is applicable to the first transfer made on December 21, 1931. However, that resolution is identical in effect with the above quoted section in so far as here relevant.

The applicable regulation, Treas.Reg. 105, § 81.18, provides in part:

"The use, possession, right to the income, or other enjoyment of the property will be considered as having been retained by or reserved to the decedent to the extent that during any such period it is to be applied toward the discharge of a legal obligation of the decedent, or otherwise for his pecuniary benefit.

"If such retention or reservation is of a part only of the use, possession, income, or other enjoyment of the property, then only a corresponding proportion of the value of the property should be included in determining the value of the gross estate."

143 F.2d 43; Hooper v. Commissioner, 41 B. T. A. 114. Having furnished his wife with this income the husband had in part at least discharged his legal obligation of supporting her. Northeastern Real Estate Securities Corp. v. Goldstein, 2 Cir., 163 F.2d 963; Wanamaker v. Weaver, 176 N. Y. 75, 82, 68 N.E. 135, 65 L.R.A. 529. The existence of the income from the trust would certainly have been a *pro tanto* defense in any suit for support brought by his wife. We do not see how the absence of a provision in the trust for rigid supervision of the wife's expenditures in any way affects this reasoning. Nor do we see why it should matter that the decedent's full obligation to support may not have been discharged, Garlock v. Garlock, 279 N.Y. 337, 18 N.E.2d 521, 120 A.L.R. 1331. Thus, since part of the income of the first trust was, in the language of the regulations, "to be applied toward the discharge of a legal obligation of the decedent," we hold that he retained the enjoyment of that income and accordingly 40% of the value of the trust is includible in his gross estate.

The second trust presents a more difficult problem. Although the trust instrument also provided that the income was to be paid for the "support and maintenance" of the decedent's wife, his explanatory letter indicates that his intent was to furnish her with sufficient income to care for her two invalid daughters and to pay for the maintenance of the Florida home. It is asserted that neither item was within the decedent's legal duty to provide for his wife, and that therefore he did not retain the enjoyment of the income within the meaning of § 811(c) (1) (B). The taxpayer justifies the admission of this letter into evidence by the Tax Court over the objection of the Commissioner on the ground that the parol evidence rule is inapplicable in a controversy involving a stranger to the integrated trust indenture. Stern v. Commissioner, 2 Cir., 137 F.2d 43, 46; Brassert v. Clark, 2 Cir., 162 F.2d 967, 973–974; Folinsbee v. Sawyer, 157 N.Y. 196, 199, 51 N.E. 994. However, this is too broad a statement of the rule, for a stranger to an instrument may not in every

case vary its terms by parole evidence. E. g., Pugh v. Commissioner, 5 Cir., 49 F. 2d 76, 79, certiorari denied Pugh v. Burnett, 284 U.S. 642, 52 S.Ct. 22, 76 L.Ed. 546; Funk v. Commissioner, 3 Cir., 185 F.2d 127, 129 note 3; Allen v. Ruland, 79 Conn. 405, 65 A. 138. Facts recited in an integrated agreement may of course be shown to be untrue even by the parties themselves. Restatement, Contracts, § 244. Moreover, proof of fraud against the rights of third parties may be received, even though such evidence would perhaps be inadmissible in a suit between the parties themselves. 3 Williston, Contracts, § 647 (Rev. ed.); 9 Wigmore, Evidence § 2446 (3d ed.). But here there is no question of fraud on the rights of the tax collector. And where the issue in dispute is the legal obligation of the parties to the agreement, the writing must be taken as the full expression of that legal relationship (assuming that the parties intended the writing to be an integration of the complete contract). 3 Corbin, Contracts, § 596; 3 Williston, Contracts, § 647 (Rev'd ed.); 9 Wigmore, Evidence § 2446 (3d ed.).

The trust indenture here created a legal obligation on the part of the trustee to pay the income to the settlor's wife for her "support and maintenance." Although strictly speaking the wife was not a party to the agreement, it is to her that the obligation is owed and only she may enforce it. Restatement, Trusts, § 200; 2 Scott, Trusts, § 200. Her rights are entirely dependent on the legal effect of the trust indenture. Consequently, in a suit by the wife against her husband for support the parole evidence rule would have prevented her from showing that the income was not to be used for her "support and maintenance" and the existence of the second trust would have been a *pro tanto* defense for the husband. Therefore, since the income was to be used to discharge the decedent's legal obligation, he retained its enjoyment and use, and under § 811(c) (1) (B) the principal of the trust is includible in his gross estate.

The respondent has presented no proof that the decedent's obligation to support would not have at least equalled the

amount of the income payable to his wife from these two trusts. The taxpayer had the burden of proof upon this question, see, e. g., Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212, and in the light of his evident wealth we hold that the decedent's own estimation in the provisions of these trusts of the extent of his obligation to provide for his wife did not exceed what the law would have required of him. Therefore, 40% of the value of the first trust, and the entire value of the second trust are includible in his gross estate.

Accordingly, the judgment is reversed and the case remanded to the Tax Court for a recomputation of the decedent's estate tax in accordance with the terms of this opinion.

L. HAND, Circuit Judge (dissenting in part).

I altogether agree as to the first trust, for it seems fair to me to hold the taxpayers to their burden of proof to show that forty per cent of its income would not have been more than a reasonable allowance to the wife for her "support and maintenance." As to the second trust, if we were to affirm the order, I think I should also agree that the taxpayers should have shown that the income from it, when added to forty per cent of the income from the first trust, was no more than a New York court would have allowed to the decedent's wife for "support and maintenance." But we are reversing the order and are sending the cause back to the Tax Court to recompute the tax; and I do not see what warrant we have for denying to the taxpayers the privilege of carrying the burden of so proving, if they can, now that it has become vital. The only reason for such a denial must be that they failed to do so before, when it turned out to be unnecessary; and that appears to me unduly severe.

The liability of a husband for the "support and maintenance" of his wife depends, certainly in cases of divorce, upon his resources and the spouses' customary mode of life.[1] Only to that extent is he liable, and his liability measures the extent of the tax in the case at bar. It is a very fluid issue at best, and if the taxpayers wish to contest it, I would not foreclose them. I agree that in an action on the deed the husband's letter could not be used to modify the obligation to devote the income of the second trust to the wife's "support and maintenance"; but what he gave does not measure what the courts would allow her; and the letter would certainly be competent evidence of his opinion as to what was a suitable allowance. Moreover, I rather think that his opinion would be relevant in determining the amount of his legal liability for "support and maintenance," though that is not so plain. In any event, I need not pass on that, for my view is not to prevail.

---

1. Burr v. Burr, 7 Hill 207, 211; Forrest v. Forrest, 25 N.Y. 501, 515, 516.