Lawrence E. Kahn, S.
This is a proceeding to determine the tax consequences of the transfers of certain savings accounts during the lifetime of the deceased, Albert Rudnick.
The relevant facts are not in dispute and have been stipulated to by the parties. On October 9, 1967 the decedent opened two separate savings accounts in the State Bank of Albany. Both accounts were in his name, in trust for Donald and Edward Koblintz, respectively. Thereafter, no deposits or withdrawals were ever made from these accounts by the deceased. On April 16, 1971 he delivered possession of the passbooks to these accounts to the mother of the two beneficiaries. At that time, the deceased stated that he was making a gift of these accounts to his grandchildren and that she was to give them to her sons at her discretion. After delivery of the bank books, the decedent filed income tax returns for the years 1971, 1972 and 1973 which included therein the interest on the bank accounts in question. The tax on this interest income was thus paid by the decedent. Decedent thereafter died on May 12, 1974.
Upon the filing of the estate tax return, the New York State Tax Commission made a determination that the above transactions by the deceased fell within the provisions of section 2036 of the Internal Revenue Code (US Code, tit 26, § 2036) relating to transfers with a retained life estate, and therefore were includable in his gross estate for estate tax purposes.
The threshold issue before the court in this proceeding is whether, under the facts as stipulated, the decedent, Albert Rudnick, retained at death the right to possession or enjoyment, or the right to the income from the said savings accounts so as to result in their inclusion in his taxable estate.
In reviewing the law and cases relevant to the issue presented herein, it becomes apparent that no single criteria or series of facts can be set forth to precisely delineate the boundaries of what constitutes a "retained life interest” so as to result in its inclusion in decedent’s taxable estate. Rather, the court must review the totality of the circumstances to resolve the issue.
The bank accounts created by decedent are commonly known as "Totten Trusts”. Such accounts are revocable during *373 the lifetime of the creator and do not vest in the beneficiary until the creator’s death, unless additional factors are present. These accounts can be made irrevocable by presentation of the passbooks to the beneficiary or to a third party with the intent that such presentation constitutes an irrevocable gift. After such an irrevocable transfer, the creator relinquishes all right to possession and control over the account. In fact, case law holds that the creator would be liable for conversion if he withdrew any of the funds after such a completed transfer. (Robinson v Appleby, 69 App Div 509, affd 173 NY 626.)
A most recent case, nearly in point, is Matter of Sulovich v Commissioner of Internal Revenue, which was decided by the United States Tax Court on May 17, 1976. In that case, the pertinent facts were almost identical to those in the case now before the court. The one additional fact present in this proceeding is that the deceased reported the interest from the bank accounts on his income tax proceedings and paid the tax thereon. The court in Sulovich did note the fact that the beneficiary of the transferred accounts reported the income from the accounts on her Federal income tax return to support its conclusion that the decedent made a valid gift of the accounts. Using this fact alone, the New York State Tax Commission contends that "the transfers, although 'complete’, the property value to the decedent was his continuing right to get the income”. This court does not agree with this conclusion. Nor does the Sulovich imply that its findings would be different if the deceased had in fact reported the income as in the case at bar. Such a fact is only probative in indicating the intent of the testator. It is not controlling nor can it constitute the sole basis upon which estate tax liability can be imputed.
The uncontroverted fact is that the decedent transferred all dominion and control over these accounts more than three years prior to his death. The fact that he chose to pay the tax on the income from these deposits in itself did not give him a legal or enforceable right to receive said income.
Accordingly, the appeal is sustained and the order appealed from should be remitted for correction to exclude the gifts of said savings accounts from the decedent’s gross taxable estate.