Nina G. Auchincloss et al. *v.* City Bank Farmers
Trust Company et al., Trustees (Estate of
Emma B. Auchincloss)

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued October 6—decided December 14, 1949.

*Harold S. Lynton,* of the New York bar, with whom were *Philip Reich* and, on the brief, *Jack M. Ginsberg,* of the New York bar, for the appellants (plaintiffs).

*Sanford Stoddard,* with whom were *Bradford Boardman* and, on the brief, *Alvin C. Breul, Jr.,* for the appellees (defendants).

MALTBIE, C. J.   In this action, two grandchildren of Emma Brewster Auchincloss seek a declaratory judgment as to their right to have the income of a trust created by her will expended for their benefit and a direction that this be done, and their mother is seeking an order that the trustees reimburse her from income in their hands for money she has disbursed for the grandchildren.   Because of the absence of certain parties, the trial court treated the action solely as one for a declaratory judgment, and from the declaration of rights it made the plaintiffs have appealed.

In her will, Emma B. Auchincloss gave the residue of her property to trustees.   She directed that they divide it into three equal shares, to be held in trust for the benefit of her three children or, if any of them did not survive, of his or her children.   One of these shares

was to be for the benefit of her son, Hugh Dudley Auchincloss. As to his share, she further directed that, if he survived her, there should be set apart from it for his son, Hugh Dudley Auchincloss, Jr., a subshare sufficient in the opinion of the trustees to produce an annual net income of $7500, and a like subshare for any child thereafter born to her son. The trustees were directed to hold and manage each of the subshares, and the will made this disposition of the income until each grandchild reached the age of twenty-one: ". . . my Trustees shall apply to the use of such grandchild so much of the net income from such subshare as my Trustees shall in their absolute discretion deem advisable for the support, maintenance and education of such grandchild and shall accumulate any portion of the net income of such subshare not so applied and add such accumulated income to the principal of such subshare; after such grandchild shall attain the age of twenty-one years, my Trustees shall apply the net income from such trust fund (whether the same shall be more or less than Seventy-five hundred Dollars ($7,500), as the case may be) to the use of such grandchild during the remainder of such grandchild's life. . . ."

The testatrix died September 11, 1942, a resident of Fairfield. Hugh D. Auchincloss survived his mother, and her two grandchildren who are plaintiffs in this action were born to him subsequent to the execution of the will but before her death. A subshare was set apart in trust for each of them. None of the income has, however, ever been paid to or expended for either of them, and on January 31, 1948, just prior to the date of the trial in the lower court, there was an accumulated gross income amounting in one trust to $23,380.13, and in the other to $23,676.70. The claims of the plaintiff grandchildren are that the trustees did

not have the right so to withhold all the income from them, but only to exercise their discretion as to the amount which should be expended for their benefit; that, in determining whether to make such expenditures, the trustees had no right to consider other resources available to them for support, maintenance and education; and that, if they were entitled to consider such other resources, the circumstances were not such as to justify the trustees in withholding all the income.

The provision that the trustees "shall apply to the use of such grandchild so much of the net income from such subshare as my Trustees shall in their absolute discretion deem advisable" does not impose upon them a duty to use the income for the support and education of the child, leaving them merely a discretion as to time and methods of its disposition, nor is the provision one which conditions the application of the fund upon the needs of the child, leaving to the trustees the determination in their discretion when and to what extent there is such a need. See *Hull* v. *Holloway*, 58 Conn. 210, 212, 20 A. 445; *Russell* v. *Hartley*, 83 Conn. 654, 660, 78 A. 320; *Williams* v. *Gardner*, 90 Conn. 461, 466, 97 A. 854; *Greenwich Trust Co.* v. *Converse*, 100 Conn. 15, 23, 122 A. 916. The intent of the testator to give the trustees the greatest discretion possible is evident from the use of the phrases "absolute discretion" and "deem advisable." See *Jaretzki* v. *Strong*, 98 Conn. 357, 366, 119 A. 353. To hold, as the plaintiff grandchildren claim, that the words "shall apply" impose a duty upon the trustees to use some income for them and that the discretion can be exercised only as to the amount paid would do violence to the natural import of the words used and would produce the very impracticable result that, if the trustees deemed it inadvisable to apply any of the income for them, they would be bound to use some part

of it but could make the amount a very small, even a nominal, sum.

In *Whitaker* v. *McDowell,* 82 Conn. 195, 72 A. 938, the will before us established a trust for the benefit of the testator's sister and authorized and directed the trustee "if in his judgment any portion of the principal of said trust fund may be needed for the proper and necessary support of my said sister, to use so much of the principal of said trust fund, as may be needed for her suitable care and maintenance and it is my will that said trustee have an absolute discretion in the manner of the disposition of said trust fund, both principal and income, during the lifetime of my said sister, and his decision in said matter is to be final and conclusive." We said (p. 198): "The language of the will before us does not make it the duty of the named trustees to pay any portion of the principal to the testator's sister, under any circumstances. If said life beneficiary should need more than the income of the $5,000 for her support, it was left to the judgment of the trustee named in the will to decide whether it would be well to expend either a part or the whole of the principal, and to thus either reduce or entirely take away from the testator's said sister her future income. The words: 'It is my will that said trustee have an absolute discretion in the manner of the disposition of said trust fund, both principal and income, during the lifetime of my said sister, and his decision in said matter is to be final and conclusive,' make it clear that it was not the testator's intention to require the trustee as one of his duties to pay to the life beneficiary, at any time, any part of the principal of the trust fund, but that he intended to leave it to the judgment and discretion of the original trustee as to whether or not any part of the principal should be paid to said life beneficiary." See also *Bridgeport* v. *Reilly,* 133 Conn.

31, 36, 47 A. 2d 865; 1 Scott, Trusts, § 155. There was and is no duty upon the trustees to pay any part of the income of the fund to the plaintiff grandchildren unless they should deem it advisable.

In *Hoops* v. *Stephan,* 131 Conn. 138, 38 A. 2d 588, we reviewed a number of our previous decisions in which we had considered trusts for the support of beneficiaries and in which we had held that outside sources of income might properly be taken into consideration in determining the extent to which the trustee should use the fund for that purpose; we pointed out (p. 147) that in each of these cases the language of the will, read in the light of the circumstances, expressed an intent on the part of the testator that expenditures should be made for a beneficiary only if there was need for it; we distinguished situations where the testator intended to give to the beneficiary the right to receive the income regardless of such other resources as he might have; and we held that, in the absence of the expression of a contrary intent, such other resources of the beneficiary were to be disregarded. In any particular case the determining consideration is the intent of the testator as expressed in the will when read in the light of any relevant circumstances. Since the decision of the *Hoops* case we have twice considered the question. In *Bridgeport* v. *Reilly,* supra, the trust provided that the trustee might in her discretion expend or appropriate any or all of the income or principal for the comfortable support of the beneficiary, who was, when the will was executed, and continued thereafter to be, an inmate of state hospitals as an insane person; considering the terms of the will in the light of the surrounding circumstances, we concluded (p. 39) that the testator was thinking of the use of the fund to supplement the care and support the state was furnishing the beneficiary while he was an inmate of a

hospital or to provide for him elsewhere should he be in need of support after he had left it; and that the situation fell within that class of cases where, to carry out the intent of the testator, the trustee might properly, in determining whether to apply the income or principal to the use of the beneficiary, consider the other means of support available to him. In *Brennan* v. *Russell,* 133 Conn. 442, 52 A. 2d 308, the trust provided that the trustee should pay so much of the income or principal of the fund as he, "in his uncontrolled discretion, shall deem necessary or proper to and for the support" of the beneficiary and gave the trustee authority to withhold payment of the income when in his "sole discretion" it was for the welfare of the estate so to do, and we held (p. 446) that the trust fell within that class of cases where the trustee might properly take into account, in determining whether to expend the income or the principal for the beneficiary, other means of support available to him. While the opinion does not discuss the rationale of that ruling, it was that, under the will, the trustee had complete discretion to determine whether or not to make such expenditures, and in the exercise of that discretion, he might, if he chose, consider any other source of income the beneficiary had. The case now before us falls within the scope of that decision, and the trustees in exercising their "absolute discretion" to make such expenditures as they "deem advisable" may properly consider other means of support and education available to the grandchildren.

The trial court, as a result of the hearing before it and at the request of the plaintiffs, has made quite an extensive finding as to the facts bearing upon the need of the plaintiff grandchildren for support, and they have sought corrections in and additions to it. In view of the broad discretion given the trustees as we have

stated it, no purpose would be served by our consider-ing these facts. The only attack which could be made upon the action of the trustees would be that it was the result of fraud, bad faith or an abuse of discretion. *Dexter* v. *Evans,* 63 Conn. 58, 62, 27 A. 308; *McCarthy* v. *Tierney,* 116 Conn. 588, 591, 165 A. 807; *Westport Bank & Trust Co.* v. *Fable,* 126 Conn. 665, 677, 13 A. 2d 862; *Bridgeport* v. *Reilly,* 133 Conn. 31, 36, 47 A. 2d 865. No such claim has been made in this case.

As far as concerns the claim of the plaintiff mother of the grandchildren for reimbursement for expenses to which she has been put for their support and educa-tion, it is a sufficient answer that any right she might have would necessarily be based upon the premise that the trustees were obligated to make expenditures for that purpose, and, as we have stated, no such duty rested upon them. *Westport Bank & Trust Co.* v. *Fable,* supra.

In the preceding discussion we have passed over the initial claim of the defendants that there is a failure to bring into the case certain necessary parties. The will provides that, at the death of a grandchild for whom a subshare of the estate was created, the re-mainder shall vest in his or her then living issue, or if there should be none it is to be added to the share of the parent of such child, or if the parent is not then living, it is to go to his or her living issue or, if there are none, to the then living issue of the testatrix. The remaindermen so designated may have an interest in the determination of the issues in this case because of the provision that any income not expended for either of the grandchildren is to be added to the principal of his subshare. The fact that they were not parties to the action seems not to have been presented to the trial court before the trial. As our decision gives to the re-maindermen every right which they could claim if

they were parties, we have determined the issues without considering whether under other circumstances we would have remanded the case in order that they might be made parties before we decided it. *Rockwell* v. *Bradshaw,* 67 Conn. 8, 14, 34 A. 758; *Wilson* v. *D'Atro,* 109 Conn. 563, 569, 145 A. 161; *Willis* v. *Hendry,* 127 Conn. 653, 671, 20 A. 2d 375.

There is no error.

In this opinion the other judges concurred.