**Lynn S. RICHARDS, Executor of the Estate of Stephen L. Richards, deceased, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 8616.**

United States Court of Appeals
Tenth Circuit.

April 13, 1967.

Lon Rodney Kump, Salt Lake City, Utah (Harold H. Hart and Richard L. Bird, Jr., Salt Lake City, Utah, with him on brief), for petitioner.

William A. Friedlander, Atty., Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and Gilbert E. Andrews, Attys., Dept. of Justice, Washington, D. C., with him on brief), for respondent.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This case presents the question whether or not the corpus of a trust created by the decedent during his life for the support of his wife is includable in his gross estate for tax purposes. The tax court held that the value of the trust is includable in the gross estate of the decedent. The executor filed a petition for review in this court.

On January 31, 1942, Stephen L. Richards, deceased, created the trust which named as trustees his three sons and his brother. The trust corpus consisted of 3800 of 4999 outstanding shares of the Wasatch Land and Improvement Company.[1] At a later date 1190 of the remaining 1199 shares were transferred to the trustees.[2]

The trust agreement contains the following pertinent language:

"Whereas the Trustor desires to create a trust respecting the property hereinafter described for the benefit of his wife, Irene Merrill Richards, his daughters [naming them] and his sons [naming them] * * *.

The Trustees shall collect and hold all income of every name and nature from the trust estate, together with the corpus thereof, in trust for Irene Merrill Richards, my wife, during her lifetime * * *.

My Trustees shall pay unto my wife Irene Merrill Richards for her maintenance and support the net income from my trust estate at such times as they in their sole discretion shall determine. In the event the net income of this trust shall not be sufficient to support and maintain my wife the said Trustees may in their uncontrolled discretion pay to my wife out of the sale of the corpus of said trust estate any additional sums as may be necessary for her comfort and support * * *

The trust for the benefit of my said wife shall persist throughout her lifetime. * * * The corpus of said trust estate shall not be distributed unto my children until after my death should I survive my wife. * * *

This is a trust for maintenance, and I direct that the payments to my said wife and children hereinbefore specified be made by my Trustees according to the foregoing terms and continuing until and including the time of the distribution of the trust estate by the Trustees."

Stephen L. Richards died on May 19, 1959. He was survived by his wife, Irene Merrill Richards, three sons and four daughters, all adult. The Wasatch Land and Improvement Company had never declared a dividend during the existence of the trust and the lifetime of the decedent. Therefore, the trustees had no income to distribute to the wife during this period.

In addition, decedent was financially able and did amply support his wife from his retained assets during his lifetime.

The date of decedent's death, May 19, 1959, controls the applicable statutes of the Internal Revenue Code.

Section 2036, Internal Revenue Code, 1954,[3] Transfers with Retained Life Estate, provided: "(a) General rule.—The value of the gross estate shall include the value of all property (except real property situated outside of the United States) to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—(1) the possession or enjoyment

---

1. The capital assets of the corporation consist of 67 acres of land in Salt Lake County, Utah. This land is being developed as a cemetery called the Wasatch Lawn Memorial Park.

2. Three hundred shares were transferred March 3, 1945. Eight hundred ninety shares were transferred April 30, 1949.

3. 26 U.S.C. § 2036.

of, or the right to the income from, the property * * *."

Treasury Regulations on Estate Tax, 1954 Code, § 20.2036–1, Transfers with Retained Life Estate, provide " * * * (b) Meaning of Terms * * * (2) The 'use, possession, right to the income, or other enjoyment of the transferred property' is considered as having been retained by or reserved to the decedent to the extent that the use, possession, right to the income, or other enjoyment is to be applied toward the discharge of a legal obligation of the decedent, or otherwise for his pecuniary benefit. The term 'legal obligation' includes a legal obligation to support a dependent during the decedent's lifetime."

The decision of the tax court here for review concludes that the trust is includable in the gross estate because the decedent retained and enjoyed the right to have the trust income used to discharge his legal obligation to support his wife. This conclusion is based upon the existence of a provision in the Utah Code, 8 U.C.A. § 76–15–1, "Any person who, without just cause, deserts or willfully neglects or refuses to provide for the support and maintenance of his wife in destitute or necessitous circumstances * * * is guilty of a felony, and shall be punished by imprisonment in the state prison at hard labor for a period of not to exceed five years * * *."

Petitioner contends that any presumption that decedent retained an enforceable right to have the trust income used to support his wife is rebutted by the undisputed fact that the decedent amply supported his wife during his lifetime.

■ Cases wherein the facts were similar to the present controversy and which interpreted the above set out statute and regulation clearly indicate that includability is predicated upon three requirements.

1. That there must be an inter vivos transfer by decedent by trust or otherwise. There is no question but what the present instrument did this, and there is no question that the transfer was other than a bona fide sale for an adequate and full consideration in money or money's worth.

2. The decedent must have retained "the possession or enjoyment of or the right to income from the property." The tax court has found, and petitioner objects to the finding, that decedent retained the enjoyment of the income from the property in satisfaction of a legal obligation to support his wife.

3. Such retention or reservation must have been for decedent's life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death. This requirement is clearly met by the fact that the period of maintenance for the wife did not in fact end before his death.

The Fourth Circuit has said, "that a husband may make a gift to his wife without affecting his duty of support, and there is no presumption that such a gift is in discharge of the donor's marital duty." Colonial-American National Bank v. United States, 243 F.2d 312, 314 (1957). This case, however, recognizes that the gift to the wife must not be restricted and that if the donor reserves unto himself the right to have the income applied to his wife's support, it is linked to relief for himself from his financial responsibilities as a husband. Therefore, the case is in harmony with the rule set out in Helvering v. Mercantile-Commerce Bank & Trust Co., 111 F.2d 224, 226 (8 Cir. 1940), wherein it is said: " * * * the result of the reservation by the settlor of the trust of the right to have the trust income applied in discharge of his continuing legal obligations was equivalent to 'retaining the right' to that income within the meaning of Section 302(c) [4] as amended."

The rule of Helvering v. Mercantile-Commerce Bank & Trust Company is fur-

---

4. Presently 26 U.S.C. § 2036.

ther recognized in Commissioner of Internal Revenue v. Dwight's Estate, 205 F.2d 298, 300 (2 Cir. 1953): "Although a husband is of course able to make a gift to his wife without affecting his duty to support her, [Citation omitted] we think that this was clearly not the case here as to the first trust. The decedent was under a legal duty to support his wife under the New York law, [Citations omitted] and the trust instrument provided that the income was for her 'support and maintenance.' "

The rule is further recognized in First National Bank of Montgomery v. United States, 211 F.Supp. 403, 407 (M.D.Ala. 1962), " * * * the trust instrument places an obligation upon the trustee to pay the income to the wife for her 'support'. The irrefutable effect of creating this obligation on the part of the trustee in both this case and the Dwight case is to substitute the trustee for the husband by transferring his obligation to support his wife to the trustee." The courts in the latter three cases concluded that the value of the "support" trusts was properly includable in the decedents' gross estates.

The specific terminology contained in the trust agreement herein clearly indicates that the trust was for the benefit of the wife and should persist during her lifetime. In addition, it directs the trustees to pay the wife for her maintenance and support the net income from the trust.

 The discretion granted the trustees under the terms of the trust was that they should pay to the wife at such times as they in their sole discretion should determine. It is impossible to construe the instrument as one which gives the trustees discretion as to whether or not the income shall be used for support and maintenance. It is argued that the provision in the trust, "The Trustees shall collect and hold all income of every name and nature from the trust estate, together with the corpus thereof, in trust for Irene Merrill Richards, my wife, during her lifetime," gives the trustees discretion to determine whether or not support and maintenance was required during the donor's lifetime. This provision must be read in conjunction with the provisions which follow it, "My Trustees shall pay unto my wife Irene Merrill Richards for her maintenance and support the net income from my trust estate * * *. This is a trust for maintenance, and I direct that the payments to my said wife and children hereinbefore specified be made by my Trustees according to the foregoing terms and continuing until and including the time of the distribution of the trust estate by the Trustees." These provisions clearly indicate a restricted trust whose purpose was maintenance and support. The only discretion granted the trustees was the determination of the time when payment should be made.

We are of the opinion that the value of the trust corpus is includable in decedent's estate. The decision of the tax court is affirmed.

Affirmed.