ESTATE OF ABNER W. MITCHELL, DECEASED, ELLA K. MITCHELL, EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 941–68. Filed December 22, 1970.

*A. C. Williams*, for the petitioner.

*J. S. Hamelberg* and *Fred L. Baker*, for the respondent.

ATKINS, *Judge:* The respondent determined a deficiency in estate tax in the amount of $5,482.10. The only issue presented is whether the value of a trust created by the decedent is includable in his gross estate under the provisions of section 2036 of the Internal Revenue Code of 1954.

### FINDINGS OF FACT

Some of the facts were stipulated and are incorporated herein by this reference.

The decedent Abner M. Mitchell died on February 11, 1964, and left surviving him his widow, Ella K. Mitchell, and his three adult children.

The legal residence of Ella K. Mitchell, executrix of the Estate of Abner W. Mitchell, deceased, at the time of filing of the petition was Fairfield, Conn.

The petitioner filed the estate tax return on May 5, 1965, with the district director of internal revenue at Hartford, Conn.

On and under date of February 10, 1959, the decedent created an irrevocable trust designated as the "Abner W. Mitchell Trust." At that time the decedent transferred to the trust a mortgage deed and note which had been executed in his favor by Howard F. Colvin in the amount of $20,000 payable in quarterly installments of principal and interest for a period of 20 years. At the time of transfer the principal amount of such note had been reduced to $19,853.06. Thereafter the decedent transferred to the trust $4,925 on March 26, 1959, $5,221.94 on March 31, 1959, and $1,000 in 1963, resulting in total transfers to the trust of $31,000. Aside from these transfers, the only additions to the trust were derived from accumulations of income.

In the trust instrument the decedent named his son, Elnathan Mitchell, as trustee, and he has at all times remained the trustee.

The trust instrument provided that the trustee should hold and manage the property of the trust and invest and reinvest the same and

collect and receive the income from the fund. It was specifically provided as follows:

The Trustee shall pay over to my wife, ELLA K. MITCHELL, during the term of her natural life, such amounts of the net income, and principal of said trust fund if required, as said Trustee shall in his unrestricted discretion determine to be necessary for the comfortable support and maintenance of my wife, the said ELLA K. MITCHELL, taking into consideration her other sources of income, adding to the principal at the end of each year the income of said trust fund not so paid or used.

The instrument further provided that if Ella K. Mitchell should die, leaving the decedent surviving, the trustee should pay over during the life of decedent all the net income of the trust fund in equal shares to his three children. It was further provided that upon the death of the spouse surviving the other, the trustee should distribute the property constituting the principal of the trust to the three children and other beneficiaries.

When the trust was established decedent was 70 years of age and was retired from the Borden Co. At that time he was receiving retirement benefits of $3,360 per year, an annuity of about the same amount, income from appraisal work and a bank directorship in excess of $5,000 a year, dividends of about $2,600 per year, and social security benefits of about $1,920 per year.

At the time the trust was created the decedent and his wife resided together in their home in Fairfield. Their son, who also lived in Fairfield, visited them regularly. Decedent and his wife at all times lived conservatively and within their means. At the time of the creation of the trust decedent was able to support his wife, and throughout his lifetime he continued to pay all expenses of his home and all living expenses for himself and his wife.

The trust income was taxed to the trustee. At no time during the life of the decedent did the trustee make any payment of income or principal from the trust to or for the benefit of the decedent's wife. At no time during the life of the decedent did anyone ever request the trustee to make any such payment.

The decedent's gross taxable estate, as reported on the Federal estate tax return filed for his estate, amounted to $247,106.21 valued as of the date of his death. Therein there was not included any amount on account of the trust property. The fair market value of the trust property on the date of the decedent's death was reported as $37,985.21.

In the notice of deficiency, the respondent determined that the value of the trust, determined by him to be $37,985.21 on the date of the death of the decedent, should be included in the decedent's gross estate under the provisions of section 2036 of the Internal Revenue Code of 1954.

OPINION

The only issue for decision is whether the decedent retained the possession or enjoyment of, or the right to the income from, property transferred by him to an irrevocable trust. If so, the value of the trust property is properly includable in the decedent's gross estate under section 2036 of the Internal Revenue Code of 1954.[1] The resolution of this issue depends upon whether the trust income or property was to be applied toward the discharge of the decedent's legal obligation to support his wife during his lifetime within the meaning of section 20.2036–1(b)(2) of the Estate Tax Regulations.[2]

It is the respondent's position that under Connecticut law [3] decedent was under a legal duty to support his wife; that decedent's primary purpose in establishing the trust was to retain at his disposal funds with which to discharge, at least in part, such obligation; that the decedent effectively retained the possession or enjoyment of the property or the right to the income therefrom since his son, as trustee, would have been likely to have done what the decedent asked with respect to the disbursement of income for the support of the decedent's wife; and that therefore the value of the trust property is includable in decedent's gross estate.

It is the petitioner's position that the use of the property or the income therefrom for the support and maintenance of decedent's wife was within the unrestricted discretion of the trustee; that under the law of Connecticut neither the decedent as settlor nor his wife as beneficiary retained or possessed any enforceable right to compel a distribution for that purpose; that the mere fact that the decedent's son was made the trustee did not result in the retention of control or direction on the part of the decedent; and that, therefore, the value of the trust property is not includable in decedent's gross estate.

---

[1] Sec. 2036 of the Code provides in part as follows :
TRANSFERS WITH RETAINED LIFE ESTATE.
(a) GENERAL RULE.—The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—
(1) the possession or enjoyment of, or the right to the income from, the property * * *
[2] Sec. 20.2036–1(b)(2) provides in part as follows:
The "use, possession, right to the income, or other enjoyment of the transferred property" is considered as having been retained by or reserved to the decedent to the extent that the use, possession, right to the income, or other enjoyment is to be applied toward the discharge of a legal obligation of the decedent, or otherwise for his pecuniary benefit. The term "legal obligation" includes a legal obligation to support a dependent during the decedent's lifetime.
[3] Conn. Gen. Stat. Rev. sec. 46–10 (1958) provides in part that "It shall be the duty of the husband to support his family * * *."

We think the position taken by the petitioner must be upheld. By the trust instrument the decedent irrevocably transferred the property to the trustee, retaining nothing. There was no provision therein whereby the decedent could direct or control the distribution of the trust income or principal. The distribution of any part of the trust income or principal for the support and maintenance of the decedent's wife rested in the unrestricted discretion of the trustee after taking into consideration her other sources of income. Under Connecticut law it is established that provisions such as these vest the discretion and power to make distributions for support and maintenance in the trustee, and that neither the settlor nor the beneficiaries can compel such a distribution absent a showing that such discretion has been abused. *Auchincloss* v. *City Bank Farmers Trust Co.*, 136 Conn. 266, 70 A. 2d 105; and *Conway* v. *Emeny*, 139 Conn. 612, 96 A. 2d 221.

It is to be noted that the provision of the Estate Tax Regulations to which both parties refer states that the use, possession, right to the income, or other enjoyment of the transferred property is considered as having been retained by or reserved to the decedent to the extent that the use, possession, right to the income, or other enjoyment *is to be applied* toward the discharge of a legal obligation of decedent. And it is well established that where the right to income from, or other enjoyment of, the trust property *is to be applied* for the support and maintenance of the decedent's wife, the decedent is considered to have retained the possession or enjoyment of, or the right to the income from, the transferred property within the meaning of section 2036(a)(1). See *Commissioner* v. *Dwight's Estate*, (C.A. 2) 205 F.2d 298, reversing 17 T.C. 1317; *Estate of William H. Lee*, 33 T.C. 1064; *Estate of Marvin L. Pardee*, 49 T.C. 140; and *Richards* v. *Commissioner*, (C.A. 10) 375 F.2d 997, affirming a Memorandum Opinion of this Court. Here, however, there was no direction in the trust instrument that either the principal or the income of the trust was to be so applied. It has been held that the language of the regulations "is to be applied" is not to be read to mean "may be applied," the situation which exists where the discretion with respect to distributions is vested in an independent trustee. See *Commissioner* v. *Douglass' Estate*,[4] (C.A. 3) 143

[4] There the court stated in part: "the Commissioner's argument cites Helvering v. Mercantile-Commerce Bank & Trust Co., et al., 8 Cir., 111 F.2d 224, certiorari denied, 1940, 310 U.S. 654 * * *. This involved a trust for a wife created by a husband in his lifetime. The income was to be paid to her for family expenses and her own maintenance and support. The Eighth Circuit held that the corpus of the trust was to be included as part of his estate for estate tax purposes. The decision is, obviously, not an authority on the question before us in this litigation. There is certainly an important difference of fact between the trust set up for the very purpose of providing for the settlor's legal obligation to his wife and the one in which disinterested trustees have an option to apply a portion of the income for the support of the settlor's minor child.

"Under the section of the estate tax law already quoted, the settlor's estate is subject to the tax if he retained the possession or enjoyment of the income from the property

F.2d 961, affirming 2 T.C. 487; and *Estate of Jack Chrysler*, 44 T.C. 55, reversed on other issues (C.A. 2) 361 F.2d 508.

It is true that in the *Douglass* and *Chrysler* cases the trustee was not a member of the decedent's family, whereas here the trustee was the decedent's son. However, in a similar situation, where the trustees were the wife and son of the settlor, it was held that the same reasoning is applicable. *McCullough* v. *Granger*, (W.D. Pa.) 128 F. Supp. 611. The court there stated that to "assume that the donor controlled the trustees because they were his wife and another son is but to speculate." Likewise, here we cannot assume that the son, in disregard of his obligation to exercise his independent discretion, would have made distributions for the support of his mother merely upon the request or direction of his father. Indeed, the record establishes to our satisfaction that there was created a bona fide settlor-trustee relationship between the decedent and his son and that the son, as trustee, was not dominated or controlled by the decedent. In this connection, we note that the son-trustee was also a remainder beneficiary of the trust and thus had an interest in maintaining the corpus and income of the trust unless such should be needed for the comfortable support and maintenance of his mother, after taking into consideration her other sources of income.

In view of the foregoing, it is our conclusion that the respondent erred in including the value of the trust property in the gross estate of the decedent.

*Decision will be entered under Rule 50.*

---

or the right to designate the persons who should enjoy it. But he did neither. He granted the property to trustees, retaining nothing. The Commissioner's argument that these trustees would be likely to do what he asked of them about assigning income for the support of a minor child departs from the 'practical' and 'realistic' approach we are asked, in the same argument, to take. We have no notion what the trustees would have done had such a request been made. It is apparent, from the terms of the instrument, that the settlor could not direct or control the matter, once the trust settlement had become effective. The set of facts here presented is not therefore within the language of § 302(c), nor, as already stated, of the Regulations concerning that section."

