ABRAHAM J. KOLODNEY, TRUSTEE
*v.* NANCY KOLODNEY
(3393)

HULL, DALY and BIELUCH, Js.

Argued November 13, 1985—decision released January 28, 1986

*Irving B. Shurberg,* for the appellant (plaintiff).

*Jason E. Pearl,* with whom, on the brief, was *Gary M. Gworek,* for the appellee (defendant).

BIELUCH, J. The plaintiff trustee, Abraham J. Kolodney, appeals from a judgment of the trial court ordering him to increase monthly payments to the defendant, Nancy Kolodney, beneficiary of the trust, from $1000 to $2500. The plaintiff claims, inter alia, that the court erred in finding that he had abused his discretion by failing to provide sufficient monthly payments for the comfortable maintenance, support and education of the defendant. We find no error.

The plaintiff was the brother of Ralph J. Kolodney, who was the father of the defendant and who created a testamentary trust[1] in her favor. The plaintiff was

---

[1] The provisions of that trust provide in part: "Fourth: All the rest, residue and remainder of my estate, of whatsoever the same may consist and wheresoever situated, I give, devise and bequeath to my said brother, Abraham J. Kolodney, to serve without bond, and if he is unable or unwilling to act, then to The New Britain National Bank, a national banking association located in said Town of New Britain, in trust, however, to pay over to my daughter, Nancy Kolodney, when she has reached or shall reach the age of fifty years. During the period while my Trustee, whichever one may act, shall hold any estate in trust, he or it shall have the power to invest and reinvest the same and to collect the income therefrom and expend so much of the net income and principal thereof for the comfortable maintenance, support and education of my said daughter as he or it shall, in his or its sole discretion, deem advisable, or in the event my said daughter shall not be living at the time of my death or shall not survive to receive all of

named as trustee and, pursuant to the trust, began to pay the defendant $1000 per month. The defendant applied to have the plaintiff removed as trustee but, instead of acting on the removal petition, the Probate Court ordered the plaintiff to pay the defendant a minimum of $2000 per month under the fourth clause of the will, retroactive to July 28, 1981, the date when the plaintiff accepted the trusteeship. The defendant had requested $30,000 per year, or $2500 per month.

The plaintiff appealed from this order to the trial court. That court, after a trial de novo pursuant to General Statutes § 45-288, increased to $2500 the minimum amount which the plaintiff was required to pay each month, retroactive to August 20, 1981, the date of his qualification as trustee.

From that judgment, the plaintiff has appealed to this court.[2] The plaintiff claims that the trial court erred (1) in failing to hold that the trust did not require him to make any payments to the defendant beneficiary, (2) in finding that the plaintiff delegated to his wife the duty to exercise independent judgment as to the financial needs of the defendant, (3) in holding that he abused his discretion, and (4) in ordering him, as trustee, to pay the defendant beneficiary $2500 monthly.[3]

the trust estate hereunder in accordance with the terms hereof, then I give, devise and bequeath all said rest, residue and remainder estate or all of said trust estate then remaining, whichever the case may be, to her children then living and the issue then living of any deceased child of hers, equally per stirpes."

[2] Prior to this appeal, the plaintiff also appealed to this court from the dismissal, in the trial court, of his declaratory judgment action by which he sought answers to five questions regarding his discretion over the terms of the trust at issue here. We found that those questions were explicitly or implicitly at issue in the present case, and therefore found no error in that appeal. *Kolodney* v. *Kolodney,* 2 Conn. App. 697, 483 A.2d 622 (1984).

[3] We note at the outset that the preliminary statement of issues provided by the plaintiff pursuant to Practice Book § 3012 (a) bears little literal resemblance to the statement of issues in his brief. Giving the preliminary statement of issues its broadest possible interpretation, we conclude that the

The plaintiff's first claim of error is that the trust, by its terms, did not require him to make any payments to the defendant at all. This argument is based on the provision in the trust which provides the trustee with "the power to invest and reinvest [the trust res] and to collect the income therefrom and expend so much of the net income and principal thereof for the comfortable maintenance, support and education of my said daughter as he . . . shall, in his . . . sole discretion, deem advisable . . . ." The plaintiff equates the phrase "sole discretion" with "absolute discretion." This argument is unconvincing.

The plaintiff's claim hinges on his assertion that the language of this trust should be construed as was the language of the trust in *Auchincloss* v. *City Bank Farmers Trust Co.*, 136 Conn. 266, 70 A.2d 105 (1949). In that case, however, the trust contained the express phrase "in their absolute discretion." That discretion was unbounded by any standard to be applied. Hence, the court held that the provision did not "impose upon [the trustees] a duty to use the income for the support and education of the child, leaving them merely a discretion as to time and methods of its disposition, *nor is the provision one which conditions the application of the fund upon the needs of the child* . . . ." (Emphasis added.) Id., 269.

In the present case, however, the plaintiff's discretion was limited by a standard, that of "comfortable maintenance, support and education." "The well-settled rule in this state is that the exercise of discretion by the trustee of a spendthrift trust is subject to the court's control only to the extent that an abuse has occurred under the powers granted by the testamen-

issues in the plaintiff's brief relate to those claimed in the preliminary statement. We point out, however, that the plaintiff might well have taken advantage of our liberal procedure for amending his preliminary statement of issues pursuant to Practice Book § 3012 (d).

tary disposition. . . . To determine the discretionary powers provided, it is necessary to ascertain the dispositive intention as expressed by the language of the entire will 'in the light of the circumstances surrounding the testator when the instrument was executed, including the condition of his estate, his relations to his family and beneficiaries and their situation and condition.' *Gimbel* v. *Bernard F. & Alva B. Gimbel Foundation, Inc.,* 166 Conn. 21, 26, 347 A.2d 81 [1974]." *Zeoli* v. *Commissioner of Social Services,* 179 Conn. 83, 89, 425 A.2d 553 (1979). It is clear from the testator's use of the "comfortable maintenance, support and education" standard that the trustee's discretion was not intended to be absolute. See Bogert, Trusts and Trustees (2d Ed.) § 811. Had the testator so intended, he could have so provided in explicit terms. Any other reading of this trust would render the "comfortable maintenance, support and education" standard meaningless.

The plaintiff's claimed discretion not to make any payments to the defendant was modified by the standard expressed. The plaintiff trustee was obligated to maintain comfortably, to support and to educate the defendant beneficiary during the existence of the trust. That is the measure of his sole discretion. The defendant sought an allowance of $2500 per month to meet that standard, and the trial court found that amount to be necessary.

The plaintiff's next claim is that the court erred in concluding that the plaintiff had delegated to his wife the duty and judgment concerning the defendant's financial needs and thereby abused his discretion. This claim is without merit.

The transcript reveals that the plaintiff did direct his wife, Frances Kolodney, to visit the defendant at her apartment in New York's SoHo district. The plaintiff

testified that his wife brought back a report on the defendant's living conditions which formed the basis for the amount of his payments to the defendant. From this testimony, the court could have concluded that the plaintiff delegated his duty to exercise independent judgment as to the defendant's needs. We will not retry the facts.[4] Practice Book § 3060D.

With regard to the plaintiff's remaining claims, his arguments are (1) that he was not obligated to make any payments to the defendant pursuant to the trust and, therefore, that he was not required to inquire into her financial needs which the court found he had failed to do, and (2) that in the absence of an abuse of his discretion, the court had no authority to control his discretion, or to substitute its own.

Both of these claims are based on faulty predicates. First, since we have concluded that the plaintiff was obligated to pay the defendant whatever sum was necessary for her comfortable maintenance, support and education, it follows that he had a duty to inquire as to what sums were necessary to maintain that standard of living. His failure to do so constituted an abuse of discretion. Second, since the trial court found, and we agree, that there was an abuse of discretion in this case, the trial court did have the authority to raise the monthly payments to the defendant to the level required by the provisions of the trust. The amount ordered was the sum requested as necessary by the defendant for her comfortable existence under the standard set forth by her father.

There is no error.

In this opinion the other judges concurred.

---

[4] The trial court found that the defendant's apartment was a sixth floor walk-up which contained a makeshift shower installed by her, and had heating problems and a front door that was repeatedly being broken.