[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
Josephine V. Wallack established the Carol Linda Hanan Trust (the "Trust") on November 28, 1986 naming Blanche Goldenberg as Trustee for the benefit of Mrs. Wallack's adult daughter, Carol Wallack Hanan, or any of Ms. Hanan's living children. The Trust provides for disbursement of its assets to Ms. Hanan's living issue upon Ms. Hanan's death. Ms. Hanan has one child, her daughter Julia.
On April 18, 1994, this Court found by clear and convincing evidence that Ms. Hanan was incapable of managing her financial affairs and caring for herself due to severe dementia and delirium associated wholly or in part with multiple sclerosis. This Court appointed Attorney P. Michael Margolis as Conservator of the estate and appointed Carolyn Levine as Conservator of the person for Ms. Hanan. Shortly thereafter, Ms. Hanan was placed at Chelsea Place, a skilled nursing facility, where she continues to reside. On November 18, 1994, the Court accepted Carolyn Levine's resignation and Attorney Lewis Rome was appointed successor Conservator of the person.
Mrs. Wallack funded the Trust with approximately $200,000 in assets. State of Connecticut, Department of Social Services' July 7, 1997 brief, p. 2. From 1986 to 1994, the Trustee distributed only income to the beneficiaries. Id. At the time of Ms. Hanan's placement at Chelsea Place, the value of the Trust principal was approximately $300,000. From 1994 through June of 1996, the Trustee disbursed from the Trust sums sufficient to pay for the cost of Ms. Hanan's care at Chelsea place. Id. In October of 1996, the Conservator of the estate filed a Medicaid Title XIX application on the ward's behalf with the State of Connecticut Department of Social Services. Id. On November 30, 1996, the Trustee wrote a letter to the Department of Social Services formally expressing her intent to make no further disbursements from the Trust to meet Ms. Hanan's need for skilled nursing care CT Page 12558 in an institutional setting. Id.[1]
By way of petition dated May, 2, 1997, and with the approval of the State of Connecticut Department of Social Services, the Conservator of the estate petitioned this Court for an interpretation of the Trust under Conn. Gen. Stat. § 45a-98
for purposes of determining. Ms. Hanan's eligibility for Title XIX (Medicaid) benefits. At the request of the Court, the Trustee and the State of Connecticut have submitted briefs through counsel asserting their positions.
To be eligible for Title XIX Benefits, an applicant must show that both her income and assets fall below the limits set by state law. Pursuant to Conn. Gen. Stat. § 17b-261 (a), which addresses the income requirement,
 Medical assistance shall be provided for any otherwise eligible person whose income' including any available support from legally liable relatives and the income of his spouse or dependent child, is not more than one hundred forty-three per cent, pending approval of a federal waiver applied for pursuant to subsection (d) of this section, of the benefit amount paid to a person with no income under the aid to families with dependent children program in the appropriate region of residence and if such person is an institutionalized individual as defined in Section 1917(c) of the Social Security Act 42 U.S.C. § 1396p(c), and has not made an assignment or transfer or other disposition of property for less than fair market value for the purpose of establishing eligibility for benefits or assistance under this section. . . .
Conn. Gen. Stat. § 17b-261 (b) further provides that "the Commissioner of Social Services shall consider parental income and resources as available to a child under eighteen years of age who is living with his parents and is blind or disabled . . ., or to any other child under twenty-one years of age who is living with his parents."
Ms. Hanan receives no social security or other income. She has no spouse, dependent children, or other relatives who are legally liable for her support. Thus, Ms. Hanan has no income that can be considered under C.G.S. § 17b-261 (a). Furthermore, there has been no suggestion that Ms. Hanan has transferred assets for less than fair market value. The Court CT Page 12559 specifically notes that the assets which funded the Trust in question were owned not by Ms. Hanan but by her mother, Mrs. Wallack, who has no legal obligation to support her adult child.
In Connecticut, the asset limit for an individual is $1,600. UPM 4005.10, date: 1/1/93, transmittal: UP-93-11. Under state and federal law, only assets "actually available" to an applicant or recipient may be considered by the state in determining eligibility for public assistance programs like Title XIX.42 U.S.C. § 1396 (a)(17)(B) (1997). Consequently, Ms. Hanan's eligibility for Title XIX depends upon whether the Trust assets are "actually available" to her.
The Connecticut Department of Income Maintenance defines an inaccessible asset as "an asset which someone owns but, for some reason beyond his or her control, cannot readily convert to cash." UPM 4000.01, date: 10/1/89, transmittal: UP-89-38. The question of whether trust assets are "actually available" to a beneficiary turns on whether the trust beneficiary can compel distribution or in any manner alienate the money in the trust.Zeoli v. Commissioner of Social Services, 179 Conn. 83, 95
(1979).
The following Trust provisions are relevant to the Court's inquiry:
 FIRST. A. During the lifetime of the Grantor's daughter, CAROL LINDA HANAN, the Trustee shall receive, hold and manage the trust estate, shall invest and reinvest any property held hereunder and shall pay to or for the benefit of CAROL or any of her then living children so much of the net income and so much of the principal thereof as the Trustee may from time to time deem necessary or advisable for the health support, maintenance and education of such individual, taking into consideration all other means available to such individual for such purposes which are known to the Trustee. The Trustee shall be under no obligation to maintain equality in payments of income or principal among any of said beneficiaries, annually or for any period, nor shall it be under any obligation to make any payment of income or principal. Notwithstanding the foregoing, during CAROL's lifetime, she shall be considered to be CT Page 12560 the primary beneficiary of this Trust, its purpose being to insure her support during her lifetime. Any income not distributed in any accounting period my be accumulated and added to the principal of the Trust.
 . . . [THIRD] D. The interests of beneficiaries in income and principal are created for their support and maintenance and shall not in any way during their respective lifetimes be subject to the claims of their creditors or others, nor to legal process, and may not be voluntarily or involuntarily alienated or encumbered.
 . . . H. The powers and authority conferred upon the Trustee are to be exercised by it, in its sound discretion in its fiduciary capacity, in accordance with the terms hereof, and no beneficiary is to have the right to substitute his or her judgment for that of the Trustee in its exercise of its powers and authority.
 I. In making distributions of income and principal in accordance with the standards set forth therein, the Trustee is specifically directed to consider medical or other assistance provided by any federal or state agency and to supplement rather than displace such assistance. The Trustee is instructed that neither income nor principal shall be used to reimburse any such federal or state agency for any such assistance or other financial or domiciliary aid rendered to any beneficiary hereof, but the Trustee may utilize income or principal for items not furnished by such agency.
A beneficiary cannot alienate the assets of a spendthrift trust. "A trust which creates a fund for the benefit of another, secures it against the beneficiary's own improvidence, and places it beyond the reach of his creditors is a spendthrift trust."Zeoli, 179 Conn. at 88. By the terms of Article Third, paragraph D, quoted above, the Carol Wallack Hanan Trust is clearly a spendthrift trust. Furthermore, Conn. Gen. Stat. § 52-321
exclusively controls the rights of creditors to income of spendthrift trusts. Drummond v. Cowles, 278 F. Sup. 546 (D.C. 1968). Under Conn. Gen. Stat. § 52-321, where a trustee has CT Page 12561 the power to accumulate or to withhold income or where the income has been expressly given for the support of the beneficiary or his or her family, the trust fund is not subject to the claims of the beneficiary's creditors. Conn. Gen. Stat. § 52-321 (a);Zeoli, 179 Conn. at 88. Pursuant to the plain language of the Trust, the Trustee has the authority to withhold trust income (Article First, paragraph A), and the income is expressly given for the support of Ms. Hanan or her family (Article Third, paragraph D). Therefore, the Court finds the Carol Linda Hanan Trust qualifies as a spendthrift trust and its assets are not subject to the claims of the beneficiaries' creditors.
In determining whether a trust was intended to be for a beneficiary's supplementary or general support the Court must consider both the language of the trust and the circumstances surrounding the creation of the trust. Zeoli, 179 Conn. at 89-90. Of particular significance is whether the trustee has the power to discriminate among beneficiaries and the power to consider a particular beneficiary's other sources of income in making a distribution decision. Zeoli, 179 Conn. at 90-92.
The State's position can be summarized as follows: According to the language of the Trust and the circumstances surrounding its creation, the Trust is intended to be primarily for the benefit of Ms. Hanan, and not her daughter Julia. Because Ms. Hanan is the primary beneficiary, the Trustee's discretion to withhold income or principal payments is not unbounded, but limited by the standard of "comfortable maintenance, support and education" without regard to Ms. Hanan's other sources of income. Therefore, the Trustee could be compelled to pay for the reasonable cost of Ms. Hanan's care.
While the Court agrees that Ms. Hanan is the primary Trust beneficiary, the Court finds that the explicit language of the Trust, as well as the circumstances surrounding its creation, establish that the Trust is intended solely for Ms. Hanan's supplementary support and that the Trustee is required to consider Ms. Hanan's other sources of income including her eligibility for Title XIX, in making a distribution decision.
Article First, paragraph A states that the Trustee may make payments to either Ms. Hanan or any of her living children and provides that the "Trustee shall be under no obligation to maintain equality in payments of income or principal among any of said beneficiaries," indicating the Trustee has the discretion to CT Page 12562 discriminate among the Trust beneficiaries. However, Article First, paragraph A, continues, "Notwithstanding the foregoing, during CAROL's lifetime, she shall be considered to be the primary beneficiary of this Trust, its purpose being to insure her support during her lifetime." The Court finds that this language does constrain the Trustee's discretion in discriminating between beneficiaries to some extent, with the result that the Trust is primarily for the benefit of Ms. Hanan rather than her daughter Julia.
However, the terms of the Trust explicitly direct the Trustee to take into consideration all other means available to the beneficiaries (Article First, paragraph A) including "medical or other assistance provided by any federal or state agency" (Article Third, paragraph I) and specifies that Trust payments should "supplement rather than displace" any such medical assistance (Article Third, paragraph I). Pursuant to this language, the Trust is intended for Ms. Hanan's supplemental, rather than general, support.
The Court does not agree with the State's assertion that the circumstances surrounding its creation indicate the Trust was intended for Ms. Hanan's general support. At the time Mrs. Wallack created the Trust, Ms. Hanan was married, supported by her husband and not in need of general support. Mrs. Wallack knew of her daughter's medical condition and funded the trust with $200,000. Although not a nominal amount $200,000 is insufficient to indefinitely fund the type of care Ms. Hanan would require if she had no other means of support. Although Mrs. Wallack did leave open the possibility of adding to the Trust corpus (Article Eighth) and wanted to insure her daughter's future support, it is clear from the language of the Trust that Mrs. Wallack contemplated her daughter having some other source of income, whether from her husband or state aid, and Mrs. Wallack intended for the Trust to supplement such income.
The State cites Kolodney v. Kolodney, 6 Conn. App. 118 (1986) in support of its argument that the Trustee is prohibited from looking at Ms. Hanan's other sources of income in making a distribution determination. However, Kolodney is distinguishable in that, unlike the Hanan trust, the testamentary trust at issue in Kolodney did not explicitly direct the Trustee to consider the beneficiary's other sources of income in making a distribution determination. CT Page 12563
Finally, the State asserts "When a Medicaid applicant is the beneficiary of a trust, an assessment of the availability of the trust's assets must precede a determination of the applicant's eligibility for medical assistance. A grantor cannot dictate, through the terms of a trust, a beneficiary's eligibility for Medicaid, nor can a grantor make a beneficiary' s eligibility for Medicaid determinative of the availability of the trust's assets." State of Connecticut, Department of Social Services' July 7, 1997 brief, p. 7. No legal authority for this assertion is cited and the Court notes that the Trust was funded not by Ms. Hanan, but by her mother who has no legal obligation to support her adult daughter. This is not the case of an individual placing assets in trust in order to claim poverty and thus be eligible to obtain public support.
For the foregoing reasons, the Court finds that the Carol Wallack Hanan trust is a spendthrift trust intended for Ms. Hanan's supplementary support. The Trustee has not abused her discretion by denying payment of Ms. Hanan's long-term nursing home care and, therefore, Ms. Hanan cannot compel distribution of the trust assets. Because Ms. Hanan never "owned" the funds in the Trust, cannot compel distribution or in any manner alienate the Trust assets beyond that authorized to be distributed as supplementary support in the Trustee's discretion, the Court finds that the Trust funds are not "actually available" to Ms. Hanan as that term is defined by the regulations determining eligibility for Title XIX. Zeoli, 179 Conn. at 95.
Berman, J.